## SUPERIOR COURT.

### NILES agt. LINDSLEY.

"Where the claim of title to real property arises on the pleadings," and the plaintiff recovers a verdict, he is entitled to costs of course.

If the defendant puts the title in issue and compels the plaintiff to *prepare* to prove it, he can not relieve himself from the liability, by *admitting the title on the trial.*

The only evidence that can be received as to whether or not "the title came in question at the trial," is the certificate of the judge who tried the cause.

*October* 1852. This was an action of trespass upon real estate. The complaint alleges that in 1847, and until the time of the commencement of the action, the plaintiff was *seized in fee simple* and possessed of fifteen lots in the 19th ward of the city of New York.

That in 1850, the defendant unlawfully entered upon the lots and carried away a large quantity of earth, which was itself valuable, and also injured the market value of the lots by defacing them.

The answer denies any knowledge or information sufficient to form a belief as to the plaintiff's ownership, and then alleges that the defendant bought the earth, and obtained leave to enter and ¬art it away, from an alleged agent of the plaintiff, whom he paid for the same, and denies that he (defendant) damaged the lots.

It appears from the pleadings that the plaintiff was not in the *actual possession* at the time of the trespass.

The cause came on for trial on the 19th day of October 1852, before the chief justice, and the plaintiff recovered a verdict for six cents.

The plaintiff's attorney noticed his costs for adjustment, when the defendant's attorney obtained an order to show cause on the 26th October why an order should not be granted " directing the clerk not to enter judgment against the defendant for any costs of the plaintiff, but that he adjust the defendant's costs in the action and enter judgment therefor in his favor against the plaintiff."

E. L. FANCHER, *for the Motion.*

1. No claim of title to real property arises on the pleadings. The defendant did not in his answer make any claim of title to the lots, nor did he dispute the plaintiff's title; on the contrary, both points of defence raised by the answer, viz: that "defendant entered by permission of plaintiff's agent;" and, 2d, that "other trespassers, and not defendant, caused any injury that was done," both *necessarily* and *expressly* assume that the title was vested in the plaintiff.

2. On the trial plaintiff's title was admitted.

3. The mere fact that the action was for a trespass on lands, does not entitle plaintiff to costs.  There must be " a claim of title," or an issue involving a dispute as to title arising on the pleadings, or called in question at the trial and a recovery *on that question* (Burhans agt. Tibbits, 7 *How. Pr. R.* 74, 77).

This was not the case here. Defendant failed to prove the authority of the agent, and plaintiff had a verdict for breaking his close.

The answer of *leave from an agent,* and an attempt to prove it, expressly admit plaintiff's title; then he can not have costs if he recover less than fifty dollars (Wickham vs. Seeley, 18 *Wend.* 649).

Other authorities show that plaintiff can not have, but must pay costs (Brown vs. Moyers, 7 *Wend.* 495; Chandler vs. D 10 *Wend.* 563; Koon vs. Mazuson, 6 *Hill,* 44.

W. W. NILES, *Contra.*

1. A perfect *issue,* on the question of title, was raised by the pleadings (*Code,* § 149), and the subsequent allegation that defendant committed the acts complained of, by authority of an alleged *agent* of plaintiff does not do away with that issue; for aught the court knows he was agent for plaintiff, who was *sublandlord,* or even a *tenant* of the owner.

2. The alleged points of defence do not " assume that *plaintiff was owner;*" a tenant in *actual possession* may maintain an action for trespass, &c.

3. In this case, however, we also sue for an *injury to the freehold;* in such case *possession* is not sufficient.

We must, therefore, *allege* and prove title, or fail as to that part of the case.

4. It is admitted by the pleadings that the plaintiff was not in the *actual possession;* then he could have no verdict at all except by alleging and proving title.

The claim of title, therefore, necessarily arose upon the pleadings. The counsel cited 11 *Wend.* 639 and 19 *id.* 509.

DUER, Justice.—I am inclined to think that the certificate of the justice who tried the cause, is the only evidence I can receive as to whether or not " the title came in question at the trial." I must, therefore, in the absence of that confine myself to the pleadings.

I am of opinion that the question of title arises upon the pleadings within the meaning of the statute. It is directly put in issue by the first portion of the complaint and answer. The

allegation in a subsequent part of the answer, that defendant went upon the lots by leave of the *plaintiff's agent,* does not do away with the effect of that issue. As the plaintiff was compelled to come *prepared to prove title,* the admission of his title by defendant *at the trial* ought not to deprive him of his right to costs; and even could I adopt the defendant's present construction of his answer, I think that having taken issue upon the claim of ownership in the complaint, he is estopped from denying that the plaintiff was bound to prove title upon the trial. If he meant by his answer to admit the title, he should not have made the issue.

The motion must therefore be denied with costs.

The CHIEF JUSTICE, CAMPBELL and BOSWORTH, Justices, *concurred.* (*a.*)

(*a.*) *Ex relatione* W. W. Niles, Esq.