# SUPREME COURT.

## JONATHAN PEEL, &c. agt. JAMES SUTTON ELLIOTT.

Where one justice of a district sitting at special term, has judicially passed on a question raised on motion, another justice should not on a renewal of that motion, under leave given, take upon himself to pass adversely on the same point, but should deny the renewed motion, to the end that the judgment of the general term may be obtained.

The mere making of a counter claim by a defendant, after arrest, is not *per se* conclusive ground for his discharge.

*New - York Special Term, September 30th, 1858.*

THE defendant renewed his motion to be discharged on his own affidavit, setting up a claim for extra services to his government, to an amount exceeding the plaintiff's demand, and contending that the existence of this claim gave him the right to repay himself out of any moneys coming to his hands.

The plaintiff's affidavits negatived both the claim and the right so alleged by the defendant. Pending the reading of the affidavits, the judge suggested and counsel agreed, to reduce the statements of fact to the form of a proposition on which to argue the motion.

The following is the proposition so agreed to : " An agent receives from his principal money to be disbursed for his principal as such agent, in a specified manner, and he neglects so to apply the money, but on the contrary, appropriates it to his own use, and when the plaintiff makes the claim against him therefor, he alleges his right so to appropriate it to a claim of his against the plaintiff, although such a claim be wrongfully made in fact. Can he be arrested ?"

A. OAKEY HALL, *for defendant.*
I. T. WILLIAMS *and* HENRY WHITTAKER, *for plaintiff.*

DAVIES, Justice. If this suit be upon the extent and in-

quisition, and I am inclined to think it is, then the case in 17 *Barbour*, (*Goodrich* agt. *Dunbar*, 17 *Barb.* 644,) is applicable, and the defendant is not liable to arrest, if the proceedings in England are equivalent to a judgment. As this point seems to have been partially considered by one of my brethren, I do not feel at liberty to review that decision on this occasion; and as it is a novel and important question, I deem it most judicious to deny the motion to discharge from arrest, to the end that the judgment of the general term may be taken on the points presented.