By the court—Marvin, Justice.
Prior to the Code, the evidence offered by the defendant would not have been received, and this was conceded upon the argument. The plaintiff was in possession of the property, claiming to be the owner, at the time it was taken and converted, and such possession gave him an interest sufficient to maintain an action against a stranger or naked wrongdoer, or against any one converting "the property, except the owner or one who had a right to the possession. (Bouvier, Action at Law, 430, et seq; Duncan agt. Spear, 11 W. 53 ; McLaughlin agt. Waite, 9 Cow. 670; 2 Green. Ev. § 437; 2 Saund. 47 a, note 1.)
*543 The defendant claims that the Code (§ 111) has changed the law. By that section, every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 113. In my opinion the Code has not affected the question we are considering. .The plaintiff was “the real party in interest.” He had an interest in protecting his possession, assuming that the property was not his, that is, that he was not the owner, but that it had been and was the property of Danforth. For aught that appears in the offered evidence, the plaintiff was the bailee of Danforth, and if so, it was his duty to protect the property, and the action could be maintained by him or by Danforth, the general owner. (Story on Bail. § 94.)
The question presented in this case, was in the case of Card agt. Cheeny, decided some years since by the court at general term in this district. The like evidence was offered and rejected, and there was an exception. We held that the evidence was properly rejected.
There must be judgment for the plaintiff upon the verdict.