MILLER, trustee, &c. *vs.* DECKER.

Where, in an action for trespass on land, the plaintiff proves title in himself, and at least a constructive possession, and that the defendant had knowledge that he was cutting timber on the plaintiff's land; and there is no evidence to show any right in the defendant, and no connection with a stranger who claimed title; the defendant, being a mere intruder, cannot prove title in a third person, for the purpose of defeating the action.

But evidence that another person is in possession is admissible, for the purpose of rebutting and contradicting the evidence given by the plaintiff, of constructive possession in himself; although such possession in a stranger is not set up as a special defense in the answer. GOULD, J. dissented.

THIS case was tried at the Sullivan circuit, in September, 1861, before the justice holding the circuit and a jury. The complaint alleged that the plaintiff was possessed and the owner in fee simple of forty-two acres of land, situated in the town of Neversink in the county of Sullivan, and that the defendant wrongfully entered said lands and cut and removed bark and timber therefrom, and converted the same to his own use, for which the plaintiff claimed to recover damages. The answer denied each and all the allegations made in the complaint, and alleged that the defendant was in possession of the lands at the time the acts alleged were committed, and was and is the owner of the said lands. It

also alleged that the acts were done by the plaintiff's consent. Evidence was introduced showing that the plaintiff had title to and constructive possession of the premises, and that the defendant had knowledge that the plaintiff was the owner, and that he was cutting the timber upon the plaintiff's land. The defendant sought to justify under a license from the plaintiff's agent.

As evidence of his title when the trespass was committed, the plaintiff proved the following facts: That on the 12th of February, 1810, the title to the whole of farm lot 265 was in John Hunter and his wife Elizabeth. That on the 6th of November, 1846, John Hunter and Elizabeth his wife executed to John Hunter, jun. a deed (with a declaration of trust, &c.) describing, with other lands, the said lot 265. To meet this evidence of title in the plaintiff, the defendant proposed to put in evidence a lease executed September 1st, 1818, (more than 28 years prior to the execution of the deed from Hunter and wife to John Hunter, jun.) by the same grantors to one James D. Winne, conveying in fee simple to said Winne and his heirs forever the whole of the same lot; and proposed, in addition thereto, to put in evidence other deeds, conveying the same lands, from said Winne and his grantees to James Decker; and also offered to prove that the land had been occupied by the said Winne and his grantees, under the said lease from Hunter and wife, ever since the 1st day of September, 1818, to the day of the trial of this action.

The evidence thus offered was objected to by the plaintiff, on the following grounds: 1st. That it was not competent for the defendant to prove title in a third person for the purpose of defeating this action, unless the defendant could connect himself with the title. 2d. That the pleadings did not allege title in a third person. The court excluded the evidence and the defendant excepted. The defendant then renewed the same propositions, and offered to show title and possession in James Decker in the manner aforesaid, for the specific purpose of rebutting the evidence of constructive

possession given by the plaintiff. The court excluded the evidence, and the defendant excepted. The jury rendered a verdict in favor of the plaintiff for $371.25. A bill of exceptions was settled, which the justice ordered to be heard in the first instance at a general term.

*J. K. Porter,* for the plaintiff and respondent.

*A. J. Colvin,* for the defendant and appellant.

MILLER, J. The defendant, on the trial of this cause, offered to show title to the premises, upon which the alleged trespasses were committed, out of the plaintiff, under a lease executed by the plaintiff's grantor prior to the conveyance under which the plaintiff claimed ; and that they had been occupied by the lessee and his grantees, under the lease, up to the time of the trial. The evidence was objected to by the plaintiff and excluded by the judge. The same proposition was renewed afterwards, for the purpose of rebutting the evidence of constructive possession given by the plaintiff, and the same ruling was made by the judge. The defendant excepted to the decisions of the judge.

The evidence offered by the defendant presents two questions : *First.* Was it proper for the defendant to show title in a third person without connecting himself with it, and without alleging it in his answer? *Second.* Was the evidence offered proper as rebutting the evidence given by the plaintiff of constructive possession ?

I. As to the first question, I am of the opinion that as the testimony stood, the evidence was not competent for the purpose of showing title out of the plaintiff. It is a general rule that proof of actual possession, even although it be wrong, is sufficient to support the action of trespass, against a mere stranger or wrongdoer, who has neither title nor authority from the legal owner. (2 *Greenl. Ev.* 597, § 618. 2 *Sand. on Pl. and Ev.* 865, 866. 2 *Ph. Ev.* 185. 1 *Cowen*

---
Miller *v.* Decker.
---

*and Hill's Notes*, 353.)   Mere prior occupancy is sufficient to enable the plaintiff to recover in trespass against all except such as can prove an older and a better title in themselves. (2 *Stark. Ev.* 802, 803, 819. · *Jackson* v. *Harder, 4 John.* 202.)   Upon the trial of the cause the plaintiff proved title in himself to the premises where the alleged trespasses were committed, and a constructive possession which gave him a right of action.   The defendant claimed no title or posesssion in himself or any third party, under whom he claimed; and the cause up to the time of the defendant's offers of evidence, appears to have been tried somewhat upon the assumption that the plaintiff was the owner, and in the constructive possession, of the premises, and that the defendant had knowledge that the plaintiff was the owner and that he was cutting timber upon the plaintiff's premises.   The defendant sought to justify his acts under a license from the plaintiff's agent, and so far as either title or ·possession was concerned the defendant occupied the position of a mere intruder.

With proof that the plaintiff had title and at least a constructive possession, and that the defendant had knowledge that he was cutting on the plaintiff's premises, and with no evidence to show any right in the defendant and no connection with a stranger who claimed title, I think the defendant was a mere intruder, and the evidence offered would not, under the circumstances, justify or excuse the act, or present an available defense.

II. An answer to· the second question must, I think, depend very much upon a decision of the point urged, that in order to be made available it should have been set up as a special defense in the answer, and that a general denial is insufficient.   I have refrained from an examination of this question under the first inquiry, because it was manifestly clear that the objection to the evidence could be sustained upon the grounds which I have in that connection discussed.

·Many of the cases cited to sustain the doctrine that the proof offered was not admissible under the pleadings, have

no direct bearing upon the question now considered, and I shall therefore confine myself to a discussion of such of them only as in my judgment affect the point involved.

In *Walrod* v. *Bennett,* (6 *Barb.* 145,) it was decided that an averment in an answer that the plaintiffs were not joint owners of the goods sued for, was material, and new matter which required a reply. The decision was put upon the ground that it showed a defect of parties and was specially provided for by the code. I do not discover that it has any particular bearing upon the point here presented.

In *Squires* v. *Seward,* (16 *How. Pr.* 479,) the action was for unlawfully breaking into the close of the plaintiff, and there was a general denial in the answer. The general term reversed the decision of the special term, directing the clerk to adjust the costs of the plaintiff upon the ground that title came in question. The complaint did not allege possession. Marvin, J. says : " The complaint was in the usual form, and title to real property is not raised by such a complaint, in the sense of the statute." No question arose like the one now presented.

In *Paddock* v. *Wing,* (16 *How. Pr. Rep.* 547,) which was an action for taking and converting personal property, from the possession of the plaintiff, the defendant alleging that it was taken on execution in his favor, it was held that the defendant could not on the trial introduce evidence to show that the property never belonged to the plaintiff but that the witness was the owner of it, for the purpose of showing that the plaintiff was not the real party in interest, and that the plaintiff being in possession had an interest in it, so that he could maintain that action against a stranger or a naked wrongdoer. It will be observed that no question was here made as to controverting the plaintiff's possession. These are the principal cases in point relied upon by the plaintiff, and I think it may be said that none of them bear directly upon the question whether the evidence was admissible to rebut the plaintiff's evidence of possession.

I will refer briefly to some of the authorities which seem to sustain a different doctrine than that contended for. In *Stoddard* v. *Onondaga Annual Conference*, (12 *Barb.* 575,) Johnson, J. lays down the rule that " every matter of fact which goes to defeat the cause of action and which the plaintiff is not under the necessity of proving, in order to make out his case, must be alleged in the answer, there being no general issue under which it may be proved. This is new matter." In the case at bar it was also assumed to be absolutely essential for the plaintiff to show either an actual or constructive possession, and that without such proof the action could not be maintained.

In *Robinson* v. *Frost*, (14 *Barb.* 537,) it was held that in an action for the conversion of personal property, similar to the former action of trover, an answer which denies each and every allegation in the complaint is a denial not only of the conversion, but of the plaintiff's title; and under it evidence that the plaintiff had no title is admissible. In *Corwin* v. *Corwin*, (9 *Barb.* 219,) it was held that in an action to recover lands, where the plaintiff claims the lawful title, the defendant may controvert the allegation of title in express words, or may set forth facts to show that the plaintiff has not the title; but by omitting to put the title in issue by a general or specific denial, he takes upon himself the burden of stating facts in his answer which taken to be true are sufficient to show that the plaintiff has no title. (*See also Schermerhorn* v. *Van Allen*, 18 *Barb.* 29; *Andrews* v. *Bond*, 16 *id.* 633.)

After discussing the authorities in reference to an answer alleging that the plaintiff is not the real party in interest, and what it should contain, the learned author of *Van Santvoord's Pleading* lays down the following rule: " Where an action respecting property, personal or real, is sought to be sustained on a mere general allegation of possession and property or ownership, this may be put in issue by a denial,

Miller *v.* Decker.

without setting up in the answer facts going to show that some other person is in the possession or ownership; for the plaintiff must prove his allegations, and the defendant under a denial may controvert them." (*Van Sant. Pl.* 79, 409, 410. *See also Heine* v. *Anderson,* 2 *Duer,* 318.) It will be observed that the authorities last cited appear to sustain the doctrine that even a general allegation of title (as well as possession) may be controverted by the defendant under a general denial. So far as the question now considered is concerned, it is unnecessary to go to that extent. The simple question in this case is, when the plaintiff had alleged possession and proved it, had not the defendant a right to rebut the evidence by showing that another person instead of the plaintiff was in possession, and that the plaintiff was not? In fact to contradict entirely the plaintiff's evidence? This was the allegation to be controverted. Without proof of possession the plaintiff would have been forced to rely upon his paper title alone. If he did prove it, or introduced any evidence on that subject, the defendant certainly had a right to controvert, to meet and assail that proof. It was not a new defense, but had a direct bearing upon the issue made by the pleadings. The evidence offered would show another person in possession and the plaintiff out of possession. It thus attacked the very foundation upon which the plaintiff's right to recover was based. It was clearly proper as rebutting testimony, and if proper for that purpose it is unnecessary to pursue the inquiry any further. I think the judge erred in excluding the evidence.

With the views expressed it is not important to consider the question raised by the plaintiff's counsel as to the effect of the instrument sought to be introduced in evidence.

For the error of the judge in excluding the evidence offered a new trial should be granted, with costs to abide the event.

PECKHAM, J. concurred.

GOULD, J. dissented; holding that the case was tried as one of boundary, and that the defense was not within the pleadings, and therefore properly ruled out.

New trial granted.

[ALBANY GENERAL TERM, March 2, 1863. *Gould, Peckham* and *Miller,* Justices.]