Devol and Another *v.* McIntosh and Others.

Devol and Another *v.* McIntosh and Others.

23  529
147  679
23  529
155  543.

BOND OF INDEMNITY.—Suit upon a bond in the penal sum of $3,000, with the following condition : " Whereas *A* and *B* have this day dissolved partnership, and *A* has purchased all the interest of *B* in the said business, and is to collect all the outstanding claims in favor of said firm, and pay all debts of every kind against said firm; now, therefore, if *A*, or his representatives, shall pay all of said demands against the said firm of *A* and *B*, and save said *B* and his sureties and indorsers on account of said firm harmless, then this obligation is to be void, else to remain in full force." *Held:*

1. TIME OF PAYMENT.—Where no time of payment is provided for, the law requires payment to be made immediately, or as soon as the debts become due. Page 530.
2. MEASURE OF DAMAGES.—When the instrument deviates the least from a simple contract to indemnify against damage, even where indemnity is the sole object of the contract, and where, in consequence of the primary liability of other persons, actual loss may be sustained, the measure of damages is actual compensation for probable loss. Page 530.
3. SAME—*B* could have recovered against *A* the entire unpaid partnership debts existing at the date of the execution of the bond. Page 530.
4. PARTIES.—The creditors of the firm are entitled to the benefit of the covenant between *A* and *B*. Page 531.

APPEAL from the *Floyd* Circuit Court.

GREGORY, J.—*Devol* and *Fordyce* brought an action in the court below against *McIntosh, Beharrell, Morris,* and *Rodgers,* alleging in their complaint that *McIntosh* and *Beharrell* were partners; that they agreed to dissolve their copartnership; that *Beharrell* assigned his interest in the assets of the firm to *McIntosh,* in consideration of which the appellees made their bond in the penal sum of $3,000, with the following condition:

" The condition of this obligation is, that whereas said *McIntosh* and *Beharrell,* having dissolved copartnership in business, and said *McIntosh* has purchased all the interest of said *Beharrell* in said business, and is to collect all outstanding claims in favor of said firm, and pay all debts of every kind against said firm ; now, therefore, if said *John McIntosh,* or his representatives, shall pay all of said demands against the said firm of *McIntosh & Beharrell,*

and save said *Beharrell* and his sureties and indorsers on account of said firm harmless, then this obligation is to be void, else remain in full force and virtue in law."

It is further averred that the appellants obtained judgment, in the *Floyd* Circuit Court, against *McIntosh* and *Beharrell* for $963.75, on a debt due from the firm at the time of execution of said bond; that an execution thereon had been issued, and returned "no property found."

A demurrer was sustained to this complaint, which presents the only question in the case at bar.

It is attempted to sustain the ruling of the court below, on the authority of the cases of *Schooley* v. *Stoops*, 4 Ind. 130, and *Tate* v. *Booe*, 9 Ind. 13. These cases have been overruled by this court in the case of *Britton* v. *Johnson and Another*, at this term.

By the condition of the bond in the present case, *McIntosh* was bound to pay all the debts of the firm of *McIntosh & Beharrel*; but no particular time of payment was specified. No certain time being provided for, the law required payment to be made immediately, or at least as soon as the debts were due. *Wright* v. *Whiting*, 40 Barb. S. C. Rep. 235; *Churchill* v. *Hunt*, 3 Denio, 324, *and the authorities cited*.

The rule laid down in the case of *Gilbert* v. *Wiman and Others*, 1 Comst. 550, seems to be the true one. *Pratt*, J., in his opinion in that case, when decided in the Supreme Court, said : " When the instrument deviates the least from a simple contract to indemnify against damage, even where the indemnity is the sole object of the contract, and where, in consequence of the primary liability of other persons, actual loss may be sustained, the decisions of our courts, although by no means uniform, have gradually inclined toward fixing the rule to be one of actual compensation for probable loss; so that, in contracts of that character, it may now be considered a general rule, both in this country and in *England*."

*Beharrel* could have recovered on this bond against the

appellees the entire unpaid partnership debts existing at the time of the execution thereof. *Wright* v. *Whiting, supra; Wilson* v. *Stilwell,* 9 Ohio State Rep. 467; *Loosemore* v. *Radford,* 9 Meeson & Welsby, 657; *Weddle* v. *Stone,* 12 Ind. 625. It remains to inquire whether the *creditors* of the firm could avail themselves of the benefit of the covenant in this bond. This is a proceeding in the nature of a suit in equity, in which all the parties in interest are before the court. It is true that *Devol* and *Fordyce* (the creditors) are the plaintiffs, and *Beharrell* is a defendant; but we do not see how this can change the substantial rights of the parties. If *Beharrell* had brought this suit, *Devol* and *Fordyce* would have been proper, if not necessary parties, (*Britton* v. *Johnson and Another, supra,*) and it would have been the duty of the court below to have ordered the payment to them of the money recovered. *Wilson* v. *Stilwell, supra. Devol* and *Fordyce* were the parties ultimately entitled to the money, and in equity they have the right to assert their claim. *Wilson* v. *Stilwell,* 14 Ohio St. Rep. 464. This is the rule as to securities given by a debtor to his surety, (*Curtis* v. *Taylor,* 9 Paige, 432, *and the authorities cited,*) and this, even though the creditor did not originally contract upon the faith of the security, or know of its existence. It is true that *Beharrell* was not a surety, he was a co-debtor; but it must be remembered that the creditor had a right in extending credit to the firm, to look to the business habits of each member thereof, and reasonably to expect that each of the partners would devote his skill and energy to secure success in the joint adventure, upon the success of which the creditor, to some extent at least, was dependent for the ultimate payment of his debt. One member withdraws, but he takes the precaution to take from his copartner, who assumes the entire control of the business of the firm, the security in question, in which there is not only a covenant of indemnity, but an agreement to pay the debts of the firm; in such a case, we

Devol and Another *v.* McIntosh and Others.

think equity and good conscience alike concur in giving to the creditor the benefit of the agreement. Indeed, it is not clear that, as between *McIntosh* and *Beharrell,* the latter did not, after the execution of the bond, stand in the place of a surety, thereby bringing the case at bar within the letter, as well as the spirit, of the rule in the case of *Curtis* v. *Taylor, supra.*

The judgment below is reversed; cause remanded to said court, with directions to overrule the demurrer to the complaint, and for further proceedings. Costs here.

*R. & H. Crawford,* for appellants.

*John H. Stotsenberg, Thomas M. Brown, John S. Davis, Thomas L. Smith,* and *M. C. Kerr,* for appellees.

Counsel for appellants argued: 1. The failure of the principal obligor to discharge the partnership liabilities, and his suffering a judgment to be recovered against the obligee, were a breach of the condition of the instrument. *Thomas* v. *Allen,* 1 Hill, 145; *In the matter of Negus,* 7 Wend. 499; *Wright* v. *Whiting,* 40 Barb. 233; *Gilbert* v. *Winan,* 1 Comst. 550; *Mann* v. *Eckford's Executor,* 15 Wend. 503; *Cutter* v. *Southern,* 1 Sandf. 116, note 1; *Holmes* v. *Rhodes,* 1 Bos. & Pull. 638; *Hodge* v. *Bell,* 7 T. R. 93; *Churchill* v. *Hunt,* 3 Denio, 324; *Lake Ontario Company* v. *Mason,* 16 N. Y. 451; *Ham* v. *Hill,* 29 Miss. (8 Jones) 275; *Chase* v. *Hindman,* 8 Wend. 452; *Rockfeller* v. *Donnelly,* 8 Cowan, 639. 2. The bond given to pay firm debts, was but additional security to the debt of plaintiffs. The debt is the principal thing, and the security is incident to and always follows it. The creditors, though not immediate parties to the security, are entitled to its benefit; 4 Kent, 6th ed., 307; 1 Story's Equity, sec. 502; *Homer* v. *Savings Bank,* 7 Comst. 478; *Mann* v. *Harrison,* 1 Eq. Ca. Abr. 93; *Vail* v. *Foster,* 4 Comst. 412; *Phelps* v. *Thompson,* 2 Johns. Ch. 418; *Moses* v. *Mergalroyd,* 1 Johns. Ch. 119; *Kip* v. *Bank of New York,* 10 Johns. 65; and this, even though the creditor did not originally contract on the faith the security, or know of its existence. *Curtis* v. *Taylor,* 9 Paige, 432.

Counsel for appellee argued : The benefits of the bond are strictly personal to *B.* Until he is actually damaged by the non-performance of the conditions of the bond, he can maintain no action. *Schooley* v. *Stoops,* 4 Ind. 30; *Tate* v. *Booe,* 9 Ind. 13.