Alleman *v.* Dey.

---◆---

## ALLEMAN *vs.* DEY.

In an action of trespass *quare clausum fregit*, brought in a justice's court, the plaintiff's title to the premises was derived from, and acquired under, a deed from D. and wife, in which the grantors reserved title in one half acre of the land, used for a cemetery; with the right of way to and from it. On the trial, the defendant asserted the right under the exception or reservation in such deed, to go to the cemetery, across the plaintiff's land, for the purpose of burying a relative. The defendant did not plead title, and the plaintiff gave no evidence of title, but simply proved his possession, and the defendant's entry upon his close, and the damages sustained. The defendant then gave certain deeds including that to the plaintiff, in evidence, for the purpose, as stated by his counsel, of showing the extent, limitation, and restrictions of the plaintiff's possession, and not with a view to show title. *Held* that for this purpose, the deeds were clearly unavailable.

A right of way across the land of another, for the purpose of going to and from a cemetery, is an easement—an interest in land—and affects the title to land; and such title cannot be tried in a justice's court.

APPEAL from a judgment of the county court of Seneca county.

One Richard Dey, for many years prior to October 1, 1845, owned a farm in the town of Fayette, Seneca county, upon which was a " cemetery " entirely surrounded by his land. In this " cemetery" his relatives, friends and neighbors had been accustomed to bury their dead for over forty years before this suit was commenced. On the 1st day of October, 1845, the said Richard Dey, conveyed said farm to James

R. Dey and Jacob C. Dey, *in trust* for certain purposes. On the 15th day of April, 1856, James R. Dey, *one* of the joint trustees, conveyed said farm to the plaintiff, but the conveyance contained a reservation and exception in these words : " excepting and reserving from this conveyance the ' *grave yard,*' on the said premises and the ground about the same, to be laid out in a square form, so as to contain one half acre of land. But said party of the second part, his heirs or assigns are not to be charged with the trouble or expense of keeping up the fence about said grave yard, nor shall he or they be liable for any damage happening to the said grave yard or any thing thereon, by reason of there being no fence, or a bad or insufficient fence about the same ; and also reserving a right of ingress and egress to and from said grave yard for the purposes thereof with needful vehicles," &c. Subsequently to the execution and delivery of this deed, and on the 11th day of June, 1856, the plaintiff procured from said James R. Dey, *one* of said trustees, a writing signed by him, and under seal, in these words :

" Whereas, by deed dated April 15, 1856, from me and wife to Jos. D. Alleman, I did convey to him certain premises in Fayette, Seneca county, and did reserve and except therefrom a certain piece of land for a grave yard and a right of ingress and egress, I do hereby declare that all that was intended thereby was and is, that the graves and tombstone now there, and the space of ground therein reserved, shall be and remain in the condition that it now is so far forth, that there shall be no more burials there, unless by special permission from me, first had in writing, and the right of ingress and egress may be for the purpose of keeping the premises in good order by putting a new fence when required or mending the same, preserving the grave yard in good condition and appearance, ornamenting and beautifying the same with trees or otherwise ; and that the descendants of Mrs. Hannah Dey, whose body is interred there may have the privilege at proper times and seasons, when there is no crops

Alleman *v.* Dey.

on the adjoining ground that can be materially injured, to visit her grave, with that respect due to her memory."

On the tenth day of December, 1856, the defendant procured from *both* said trustees an instrument in writing *in these words :*

"I hereby consent to the burial of any descendant or blood relative of General Richard Dey of Preckness, New Jersey, in the burial ground reserved from the farm of the late Richard Dey, deceased, of Fayette, Seneca county, state of New York, and empower the friends and relatives of any person so deceased to enter upon said ground and inter their dead."

In March, 1865, the burial of Teunis Dey took place, who was a nephew and *blood relative* of General Richard Dey, of Preckness, New Jersey, as was also the defendant, who was a *blood relative* and friend of the said Teunis Dey. At this burial the defendant and others entered upon the premises in question to go to and from this "cemetery" to bury the dead body of said Teunis Dey, and for no other purpose and doing no damage, except to pass over the then-growing wheat, by the shortest way, and about eighteen rods. For this passing over the plaintiff's premises this action was brought, before a justice of the peace, of Seneca county, and was tried October 13th, 1865, by a jury, who rendered a verdict therein for the defendant, upon which the justice rendered a judgment against the plaintiff for the costs. From this judgment the plaintiff appealed to the Seneca county court, which latter court affirmed said justice's judgment. From that judgment the plaintiff appealed to this court.

*Folger & Mason,* for the appellant.

*S. G. Hanley,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. All the title which the plaintiff had in the farm in his possession at the time of

the alleged trespass complained of in this action, he derived from, and acquired under, the deed from James R. Dey and wife, dated April 15, 1856. In that deed, the cemetery situate on said farm is expressly excepted to the extent of one half acre of land, with the right of ingress and egress to and from the same. The grantor in the deed clearly reserved title in himself, and his cotrustee, in this one half acre of land used for a cemetery, with the right of way to and from it. On the trial of this action, the defendant asserted this right under the exception, or reservation, to the said trustees of this cemetery, with the right of ingress and egress to and from it, to go to said cemetery across the plaintiff's land, and bury in said cemetery the deceased Teunis Dey, the descendant of General Richard Dey, of Preckness, New Jersey, under the license for that purpose given to the said James R. Dey and J. C. Dey, trustees, &c. The verdict and judgment in favor of the defendant affirms this right, and establishes, if it remains unreversed, the right of way in question as a valid, legal and permanent right. It seems to me the verdict was right on this point, and that the defendant was entitled to carry the said Teunis Dey into said cemetery, and to cross the plaintiff's land for that purpose ; but I do not see, nevertheless, how this judgment can be sustained. The action was trespass *quare clausum fregit*, in a justice's court. The defendant did not plead title. The plaintiff gave no evidence of title, but simply proved his possession and the defendant's entry upon his close, and the damages sustained, and rested. The defendant then gave the deeds in evidence, which raised the question of title to the cemetery under the exception in the plaintiff's deed, and the right of ingress and egress thereto and thereupon. In offering the deed, the defendant's counsel stated, at the time, that he did so for the purpose of showing the extent, limitation and restrictions of the plaintiff's possession, and not with a view to show title. For this purpose, they were clearly unavailable. The plaintiff's possession of his farm was clear, unquestioned and absolute, unless a right

of way existed, under the reservation, or exception, in said deed for the purpose of going to and coming from said burying ground for the purposes in said deed expressed. Such right of way was an easement—an interest in land—and affected the title to land, (6 *Hill*, 343,) and such title could not be tried in a justice's court. (*Code*, § 54. *Striker* v. *Mott*, 6 *Wend*. 466. *Powell* v. *Russ*, 8 *Barb*. 567. *Hall* v. *Hodskins*, 38 *How. Pr. R.* 15.) The defendant clearly had no defense in the action, except in the assertion and establishment of this right of way over the plaintiff's land to this cemetery. As this right could not be tried by the justice, his judgment is erroneous, unless it can be sustained upon some other ground. Excluding these deeds, there is not a particle of defense proved in the action, and it presents, in this aspect of it, a naked case of trespass, for which the plaintiff was clearly entitled to recover some damages. The judgment of the county court must, therefore, be reversed.

Judgment reversed.

[MONROE GENERAL TERM, September 2, 1867. *Welles, E. D. Smith* and *Johnson*, Justices.]