EARL W. BAILEY, Appellant, v. ADAM DAIGLER and Others, Respondents.

*Claim of title to real property, when it arises upon the pleadings — costs*

In an action in the Supreme Court, the complaint alleged that the defendants, being assessors of one of the towns of the State, carelessly and unlawfully assessed to the plaintiff a certain parcel of land situate in such town, that the plaintiff was neither an inhabitant of the town nor an owner of the land; that, upon the assessment-roll containing such assessment, the board of supervisors levied a tax upon such land against the plaintiff, and that, by virtue of the warrant of the supervisors, issued thereunder to the collector of the town, the latter levied upon, sold and converted certain personal property of the plaintiff. The defendants, by their answer, admitted that they were such assessors and made the assessment, and put in issue all the matters of the complaint, charging unlawful action on their part in making such assessment.

*Held*, that a claim of title to real proprty did not arise upon the pleadings although the allegation of the complaint that the plaintiff was not an owner of the land was denied by the answer.

That, in this case, the liability of the defendant did not necessarily depend upon the want of title in the plaintiff to the land, as, if the plaintiff was not an inhabitant of the town, the defendant had no jurisdiction to make an assessment of the property to the plaintiff, unless the plaintiff was a resident of the county and the land was occupied by another, and, in that case, title in the plaintiff was essential to support the authority of the assessors, but as no such residence or occupation was alleged in this case it did not appear by the pleadings that the question of title would arise upon the trial.

A claim of title to real property arises upon the pleadings only when such an issue is essentially or legitimately presented by the pleadings.

Appeal by the plaintiff from an order of the Erie Special Term of May 21, 1888, denying his motion for a retaxation of costs.

*Frank R. Perkins*, for the appellant.

*William F. Sheehan*, for the respondent.

Bradley, J. :

The trial resulted in a verdict of eighteen and fifty-four one hundredths dollars for the plaintiff. The defendants' costs were allowed by the taxing officer, and the plaintiff's motion, that such taxation be set aside and his costs be allowed, was denied by the order from which this appeal was taken. This is an action at law, and the question of costs is one of right, dependent upon the statute. The contention of the plaintiff's counsel is, that this case comes within the provision of the statute which entitles the plaintiff to costs in an action " in which a claim of title to real property arises upon the pleadings." (Code Civil Pro., § 3228.) The complaint, in substance, alleges that the defendants were assessors of the town of Cheektowaga, in the county of Erie, and as such, in 1885, carelessly and unlawfully assessed to the plaintiff a certain parcel of land situated in that town ; that he was neither an inhabitant of the town or owner of the land ; that, upon the assessment-roll containing such assessment, the board of supervisors levied a tax upon such land against the plaintiff, and that, by virtue of the warrant of the supervisors thereupon issued to the collector of the town, the latter levied upon, sold and converted certain personal property of the plaintiff. The defendants, by the answer, admitted that they were such assessors, and made the assessment, and put in issue all the matters of the complaint charging unlawful action on their part in making it. The claim that title to real property arose upon the pleadings is founded upon the allegation of the complaint that the plaintiff was not the owner of the land, which allegation is deemed within the general denial in the answer of knowledge or information sufficient to form a belief of the truth of the allegations of the complaint not expressly admitted. And, for the purposes of this review, it will be assumed that such alleged fact was not admitted by the answer. The purpose of the action was to charge the defendants with the consequence of the alleged wrongful act of assessing the land to the plaintiff, which resulted in the taking and conversion of his property. And it must be assumed that the recovery rested upon the want of jurisdiction of the defendants, as assessors, to make such assessment to him. A

claim of title to real property arises upon the pleadings, only when such an issue is essentially or legitimately presented by the pleadings. In the present case the cause of action was founded upon the charge that the defendants wrongfully caused the plaintiff's property to be taken upon the supervisor's warrant; that this was the result of a proceeding set in motion by them without authority, and in practical effect the action had the nature of one for conversion of the property. The facts which produced the cause in support of the action, constituted the reason why the defendants had no authority or jurisdiction to make the assessment, and were matters of evidence rather than for allegations in pleading. (*Langdon* v. *Guy*, 91 N. Y., 660.) And in such case, if title to real property comes in question upon the trial, the right to costs may rest upon a certificate to that effect of the trial judge when the plaintiff's recovery is less than fifty dollars. (Code, §§ 3228, 3248.) That fact is not certified. And no allegation in the complaint in respect to title to real property seems to have been essential to the plaintiff's cause of action, as distinguished from the evidence requisite to a recovery. In *Dinehart* v. *Wells* (2 Barb., 432), the plea that the alleged assault was in defense of the possession of defendant's premises, was met by the replication that the *locus in quo* was a public highway, etc., upon which issue was taken by the rejoinder. That issue, in view of the then system of pleading, was essentially a matter of allegation. It was there held that a claim of title to real property arose upon the pleadings. (See *Lillis* v. *O'Conner*, 8 Hun, 280, to same effect.)

In the present case the defendants do not allege in their answer, affirmatively, any title in the plaintiff to the land; nor was it necessary to their defense that they should, as the question was one of authority to make the assessment, and such was the issue. It does not appear by the pleadings that the liability of the defendants necessarily depended upon the want of title in the plaintiff to the land. The alleged fact that he was not an inhabitant of the town, denied to the defendants jurisdiction to make the assessment to the plaintiff, unless he was a resident of the county and the land was occupied by another (1 R. S., 389, § 3, 390, § 8, 391, §§ 11, 12); and in that case title in the plaintiff was essential to support the authority of the assessors. (Id., § 2, as amended by Laws of 1878, chap. 152; *Harris* v. *Supervisors, etc.*, 33 Hun, 283.) No such residence or occupation is

alleged, and, therefore, it did not appear by the pleadings that the question of title would arise upon the trial for consideration for the purposes of the relief sought. (*Hilton* v. *Fonda*, 86 N. Y., 339; *Stewart* v *Crysler*, 100 id., 378.) But in view of the alleged fact that the plaintiff was not an inhabitant of the town, title in him was indispensable to the jurisdiction of the defendants to assess the land to him, and upon the want of his ownership of it the plaintiff could rest his claim for recovery of damages.

If the defendants had by their answer alleged title in him, his residence in the county and occupancy by another, or perhaps only title in him, it may be that a claim of title to real property would be deemed to have arisen upon the pleadings, because that specific question would then have been presented by them. This would have some analogy to the practice required to give effect to the provision of the Revised Statutes similar to that before referred to of the Code. The general issue was ineffectual to give that character to the pleadings when it did not appear by them that the question of title to real property would necessarily arise upon the trial of the issue (*Radley* v. *Brice*, 6 Wend., 539; *People ex rel. Fryer* v. *N. Y. C. P.*, 18 id., 579); and there is no apparent reason for the application of any different rule to the effect of a mere *general* denial in an answer to a complaint in that class of cases. It was so treated under the old Code, which was the same in that respect as the present Code. (*Rathbone* v. *McConnell*, 21 N. Y., 466; affirming 20 Barb., 311.) It is, therefore, held that a mere general denial by an answer of the allegations of a complaint does not raise a claim of title to real property upon the pleadings within the meaning of the statute, when it does not appear by the complaint that such title will necessarily arise upon the trial. As before remarked, that rule may be applied to the case at bar. In *Kelly* v. *New York and M. B. Railroad Company* (81 N. Y., 233) the allegation of title in the plaintiff, was *specifically* put in issue by the answer, which evidently was the reason for the holding that such claim of title arose upon the pleadings.

In *Niles* v. *Lindsley* (1 Duer, 610; S. C., 8 How., 131) it appeared by the pleadings that the plaintiff was not in possession of the land in question, and, therefore, that his right of recovery was dependent upon his title; and this distinction is observed in

*Squires* v. *Seward* (16 How., 478), and cases there cited. The doctrine of the Kelly case had no necessary application to the question in *Crowell* v. *Smith* (35 Hun, 185); and what was there said of it was *obiter*.

The order should be affirmed.

BARKER, P. J.; HAIGHT and DWIGHT, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.