## PYLE v. HAND COUNTY.

1. Actions for the recovery of money, within the meaning of subdivision 4 of section 5191, Comp. Laws, are actions in which the plaintiff recovers costs as a matter of course, if he recover $50 or more, and in which he must pay them if he recover less, unless the case comes within subdivision 3 of that section. If it does, then he is entitled to costs, without regard to the amount recovered.

2. The test is, had the court of a justice of the peace jurisdiction of the subject-matter at the time of the institution of the suit? If it had, a recovery for less than $50 by the plaintiff subjects him to the penalty of paying costs.

(Syllabus by the Court. Argued April 19, 1890. Opinion filed Dec. 10, 1890.)

Appeal from circuit court, Hand county, Hon. H. G. FULLER, Judge.

Motion to amend a judgment by striking out so much thereof as awards costs to the plaintiff and to allow to defendant its costs of the action. Denied. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*S. V. Christ, State's Attorney,* for appellant.

This action being for the recovery of money, and the plaintiff having recovered less than fifty dollars, he was not entitled to costs. § 5191, Comp. Laws; 3 Wait's Prac. 465, 468. The judgment was amendable, and a motion to amend the same could be made after the term at which the judgment was ordered. § 4938, Comp. Laws; Sherman v. Fream, 8 Abb. 33; Smith v. Coe, 7 Rob. 477; 3 Wait's Prac. 700, 729; 4 Id. 698, 670.

*Manford E. Williams* and *John L. Pyle,* for respondent.

BENNETT, J. The plaintiff, John L. Pyle, was district attorney of the county of Hand. During his term of office, he provided himself with an office room and fuel for same, at a cost of some $270. He presented this bill to the county commissioners, which they refused to allow. He then commenced an action against the county to recover this amount. The county answered, stating that it had furnished suitable

rooms for an office, and that necessary fuel had been provided for the use of all county officers, without distinction, in a coalhouse at the court house. A trial was had before a jury, and the following verdict was rendered: "District court: John L. Pyle v. Hand County. We, the jury, find for the plaintiff and against the defendant upon all the issues, and assess plaintiff's damages at $1.00 (one dollar.) E. S. WILSON, Foreman." Upon this verdict, the court entered a judgment "that plaintiff have and recover of defendant said sum of one dollar, together with the costs of this action, to be taxed by the clerk upon due notice, and entered herein, to the amount of thirty four and 50-100 dollars," etc. Afterwards, defendant made a motion to amend the judgment by striking out so much of it as awards costs to plaintiff, and to allow the defendant its costs of the action. This motion was denied. From the judgment of the court in denying the motion, appeal is taken.

The only question in the case is whether plaintiff is entitled to recover the costs of the action. The action was brought to recover $271.95. The jury returned a verdict of one dollar, and the court rendered judgment for one dollar and costs. Sections 5191 and 5192 of Compiled Laws, which are material to the case at bar, are as follows: "Costs shall be allowed, of course, to the plaintiff upon recovery in the following cases: * * * (3) In the actions of which a court of justice of the peace has no jurisdiction. (4) In an action for the recovery of money, when the plaintiff shall recover fifty dollars. * * * Costs shall be allowed, of course, to the defendant in the actions mentioned in this section unless the plaintiff be entitled to costs therein." "In actions other than those specified in Section 5191, [above quoted] costs may be allowed or not in the discretion of the court." It cannot be contended that this was an action of which a justice of the peace could have had original jurisdiction. It was not an action on a contract for the recovery of money, but an action founded on a breach of a statutory or public duty, which is a tort, or, as the old pleadings termed it, trespass on the case. The duty alleged to be violated or neglected was not created by contract, but by law.

The relation between municipal corporations and their officers is not one of contract. The rule is that public officers, and the officers of public corporations, are created for the public benefit, and that they and their official duties and emoluments are governed by considerations relating to the common good, and that there is nothing of the nature of a contract pertaining to them. College v. Woodward, 4 Wheat. 518; Allen v. McKeen, 1 Sum. 278; Conner v. Mayor, etc., 5 N. Y. 285; Warner v People, 2 Denio, 272; Iowa City v. Foster, 10 Iowa, 192. As the courts of justice of the peace are courts of special and limited jurisdiction, they can exercise no jurisdiction, except when it is distinctly and expressly conferred. The specifications or subdivisions of Section 6042, Comp. Laws, defining jurisdiction of justice's court, confer no authority upon justices of the peace to try an action relating to the non-performance of an official duty or requirement, no matter what the amount involved. Justices of the peace clearly have no jurisdiction of such an action as this; and the statute provides that "costs shall be allowed, of course, to the plaintiff upon recovery. * * * in the action of which a court of justice of the peace has no jurisdiction." Section 5191, Comp. Laws. But the appellant contends that this is an action for the recovery of money, and therefore the plaintiff is not entitled to costs unless his recovery is for $50 or more. "An action for the recovery of money," as those words are used in Subdivision 4 of Section 5191, Comp. Laws, is an action in which the complaint prays for a judgment that the plaintiff recover of the defendant a sum named. If it prays for other relief, the granting of which is essential to maintain the action, the action is not one for the recovery of money within the meaning of that subdivision, although the ultimate end sought to be attained is to realize money. Actions for the recovery of money, within the meaning of that subdivision, are actions in which the plaintiff recovers costs, as a matter of course, if he recover $50 or more, and in which he must pay them, as a matter of course, if he recover less, unless the case comes within Subdivision 3 of that section. If it does, then he is entitled to costs. The action under consideration is one for

the "recovery of money," as the prayer of the complaint is: "Plaintiff demands judgment against defendant for two hundred and seventy-one 95-000 dollars, and costs." Yet, the subject matter of the suit not coming within the jurisdiction of courts of justice of the peace, the plaintiff is entitled to costs. The object, no doubt, of the legislature in the enactment of this law in relation to costs, was to make litigants resort to justices' courts for the trial of all causes coming within their jurisdiction, instead of flooding the higher tribunal with minor matters that could be determined by the inferior courts. Should plaintiffs, however, bring their actions in the higher courts, when the subject matter was within the jurisdiction of justice of peace courts, a penalty was fixed against them, by requiring them to pay the costs of the action, unless the recovery was for $50 or more. The test is, had the court of justice of the peace jurisdiction of the subject matter at the time of the institution of the suit? If it had, a recovery for less than $50 by the plaintiff subjects him to the penalty of paying the costs. If it had not, a recovery by the plaintiff of any sum entitled him to the costs. No error appearing, judgment affirmed. All the judges concurring.