URIAH CLEVELAND, Appellant, v. JOSEPH WILDER, Respondent.

*Question of title to real estate in an action by a landlord against his tenant for waste — costs, when properly allowed to the defendant — question of treble damages, when raised too late.*

In an action brought by a landlord against his tenant to recover damages for waste, the complaint contained the allegation that the plaintiff was the owner in fee simple of the premises in question, leased to the defendant. The answer contained a general denial of each and every allegation of the complaint. There was no allegation in the answer that the defendant was in possession of such premises, under any other title than that of the plaintiff, nor was there any affirmative allegation in the answer putting in issue the plaintiff's title. A verdict was rendered for the plaintiff for a sum less than fifty dollars, and costs were taxed in favor of the defendant.

*Held*, that upon the trial the plaintiff was not required under the pleadings to prove his title;

That the plaintiff could not, by reason of the insertion in his complaint of an entirely unnecessary and superfluous allegation, which he knew the defendant

would not be at liberty to put in issue against him, successfully maintain that the title to real estate came in question, and so entitle himself to costs, and that the costs were properly taxed in favor of the defendant.

In an action for waste where treble damages were not claimed in the complaint, and judgment was entered for single damages only, and the plaintiff did not ask to have it set aside on the ground that he had not been awarded treble damages, it is too late to raise that question on an appeal.

APPEAL by the plaintiff, Uriah Cleveland, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Wyoming on the 13th day of March, 1894, denying the plaintiff's motion to vacate the judgment entered in favor of the defendant, to disallow the defendant's bill of costs, as taxed, and to tax costs for the plaintiff.

*M. E. & E. M. Bartlett,* for the appellant.

*Johnson & Charles,* for the respondent.

LEWIS, J.:

It was alleged in the complaint that the plaintiff was on the 11th day of April, 1890, the owner in fee simple of a farm in the county of Wyoming, and that on said day he and the defendant entered into an instrument in writing, under their hands and seals, being a lease of said farm by the plaintiff to the defendant. The lease is set out in full in the complaint. It provides that, in consideration of the rents, covenants and agreements mentioned and reserved therein, the plaintiff leased the farm to the defendant for the term of one year from the 1st day of April, 1890, for the annual rent of $100, with the privilege to the tenant of a renewal thereof for one year upon the same terms and conditions. The lease contained, among others, the following conditions : "And the said party of the second part (the defendant) * * * will feed out one-third of all the hay made on said premises, and two-thirds of all the straw raised upon said farm * * * repair the fences" on the farm. The tenant covenanted not to plow more than two acres of the meadow land, and to leave the premises at the termination of the lease in as good condition as they were at the date of the lease, ordinary wear and damages by the elements excepted. The wood-land was reserved to the landlord except the right to the tenant to pasture the same.

The complaint further alleged that the defendant went into possession of the premises; and that in violation of the provisions and covenants of said lease he plowed some fifteen or twenty acres of meadow land on the farm, and cut down timber growing thereon · and converted it to his own use, and took from the buildings, doors, windows, boards, and committed great waste on the farm; that he carried off all hay and straw raised thereon, and did not feed any of it out on the farm, and removed therefrom a large quantity of manure, the property of the plaintiff, of the value of $100, and converted the same to his own use. Judgment was demanded against the defendant for the sum of $600. The defendant, by his answer, denied each and every allegation in the complaint, and alleged that the timber cut by him was with the knowledge and consent of the plaintiff, and that he had paid therefor in full, and set up a counterclaim.

The issues came on for trial, and the plaintiff recovered a verdict against the defendant for twenty-one dollars and ninety-seven cents. The defendant was allowed costs of the action by the taxing officer. The plaintiff's damages of twenty-one dollars and ninety-seven cents were deducted from the amount of the defendant's costs, and a judgment was entered in defendant's favor against the plaintiff for eighty-five dollars and ninety cents. The plaintiff applied to the justice presiding at the trial for the certificate provided for by section 3248, of the Code, that the title to real property came in question upon the trial. His application was refused, for reasons stated in a memorandum printed in the case, as follows: That "upon the trial two questions only were litigated: *First,* whether the defendant was in possession of plaintiff's farm under the lease of April 11, 1890, or under an agreement alleged to have been made subsequently, by which said lease was modified in important particulars; and *second,* whether the timber cut by the defendant and the manure removed by him was so cut and moved in· pursuance of a license from or consent of the plaintiff to so cut said timber and remove said manure. The fact that the plaintiff was the owner of the farm and, therefore, the owner of the timber and manure, and that the defendant ·was in possession of the farm as plaintiff's tenant and liable in. this action for any damage sustained by the plaintiff by reason of

the cutting of such timber and the removal of such manure, unless protected by his license under the agreement alleged to have been made with the plaintiff, was not in dispute. It is, therefore, clear that the title to real estate did not come in question on the trial and the plaintiff's application must be denied." The plaintiff thereupon made a motion for an order that the judgment entered in favor of the defendant be vacated and the taxation of costs set aside and that the plaintiff be allowed costs against the defendant. The motion was denied, and from the order denying the motion this appeal was taken.

It is plaintiff's contention that the title to real property was put in issue by the pleadings, and that he was, therefore, entitled to costs under the provisions of section 3228 of the Code of Civil Procedure. He bases this contention on the allegation in the complaint that the plaintiff was the owner in fee simple of the premises leased, and the general denial in the answer of each and every allegation in the complaint. This allegation in the complaint was entirely unnecessary and superfluous. The defendant, having taken a lease of the plaintiff, was estopped from questioning plaintiff's title. There was no allegation in the answer that he was in possession under any other title than that of the plaintiff. There was no affirmative allegation in the answer putting in issue the plaintiff's title. No such issue was, or could be, litigated under the pleadings. The plaintiff could not, by the insertion in his complaint of such an entirely unnecessary and superfluous allegation — an allegation that he knew the defendant would not be at liberty to put in issue — entitle himself to costs. In *Bailey* v. *Daigler* (50 Hun, 541) it is stated by BRADLEY, J., that a mere general denial by an answer of the allegations of the complaint does not raise a claim of title to real property, upon the pleadings, within the meaning of the statute, where it does not appear by the complaint that such title will necessarily arise upon the trial. He refers to *Rathbone* v. *McConnell* (21 N. Y. 466) as sustaining that doctrine.

The plaintiff suggests, and apparently for the first time in his submitted brief, that the cause of action was for waste, and that, therefore, under the statute he was entitled to treble damages, making the amount of the recovery to which he was entitled more than fifty dollars. No claim for treble damages is made in the complaint, and he made no such claim before the taxing officer, nor in his

moving papers at Special Term. The judgment was entered for single damages only, and the plaintiff did not ask to have it set aside for the reason that he had not been awarded treble damages. It is too late, we think, to raise the question upon appeal. We do not think the cause of action stated in the complaint was for waste, and, if not, that is a complete answer to the plaintiff's contention.

The order appealed from should be affirmed, with ten dollars costs and disbursements of the appeal.

Dwight, P. J., Haight and Bradley, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.