## GROSSO V. CITY OF LEAD.

In an action for trespass to real estate, an allegation that plaintiff is entitled to possession of the property, and a denial of the same, raises a question of title which would deprive a justice of jurisdiction of the action, under Comp. Laws, Sec. 6042; and on recovery in the circuit court, plaintiff is entitled to costs, under Comp. Laws, Sec 5191.

(Opinion filed Aug. 5, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action to recover damages for injury to real property. Plaintiff had judgment. Defendant appeals from the taxation of costs against it. Affirmed.

The facts are stated in the opinion.

*James P. Wilson,* for appellant.

No claim of title to real property being alleged or denied in the pleadings or having come in question at the trial, and the damages claimed not exceeding one hundred dollars, this case was within the jurisdiction of a justice of the peace. § 6042, Com. Laws; Pyle v. Hand County, 1 S. D. 388. If a justice of the peace had jurisdiction of the subject matter, then a recovery by plaintiff of less than $50.00 subjects him to the penalty of paying the costs. Id. See, also, Twp. of DeSmet v. Dow, 4 S. D. 163.

*John R. Wilson,* for respondent.

A justice of the peace would not have had jurisdiction, the amount of damages claimed being "one hundred dollars, together with interest thereon from the 28th day of September, 1892, and the costs of this action." Plunkett v. Evans, 2 S. D. 434, 50 N. W. 961. A different rule obtains in an action for unliquidated damages than in an action for the recovery of money only. Twp. of De Smet v. Dow, 4 S. D. 163.

CORSON, P. J. The plaintiff commenced an action in the circuit court to recover $100 damages for an alleged trespass to real property, and, on the trial, recovered less than $50. The clerk taxed the costs against the defendant, who appealed therefrom to the circuit court, where the clerk's taxation was affirmed. From this order of the circuit court the defendant appealed to this court.

The appellant contends that no question of title was in fact involved in the action, as appears from the evidence, and, the plaintiff recovering less than $50, the defendant was entitled to costs. The pleadings, however, must ordinarily govern as to the issues involved in an action, except where the judge makes his certificate as provided by Sec. 5191, Comp. Laws. That section provides that costs shall be allowed to the plaintiff "in an action for the recovery of real property or when the claim of title to real property arises on the pleadings

or is certified by the court to have come in question at the trial," and also "in the actions of which a court of justice of the peace has no jurisdiction." Sec. 6042, defining the jurisdiction of justices' courts, provides that their jurisdiction extends to actions "for an injury to real property where the title or boundary of such real property does not * * * come in question." An examination of the pleadings in this case discloses the fact that a claim of title was raised by the pleadings, and a question of title involved. In plaintiff's amended complaint it is alleged "that * * * the plaintiff was in possession, and lawfully entitled to the possession, of the real property" described in the complaint. This allegation is specifically denied in the answer, as follows: "And defendant denies that the plaintiff is [was] in the possession, or entitled to the possession, at the time alleged by the plaintiff, of that portion of the premises described in the complaint." The allegation that the plaintiff was entitled to the possession of the premises, and a denial of the same raised a question of title. Ehle v. Quackenboss, 6 Hill 537; Burnett v. Kelly, 10 How. Prac. 406; Niles v. Lindsey, 1 Duer 610, 8 How. Prac. 131; Alleman v. Dey, 49 Barb. 641; Muller v. Bayard, 15 Abb. Prac. 449. The meaning of the term "title" as used in a similar statute in New York, is thus defined in Ehle v. Quackenboss, *supra*: "But the term 'title' as used in the statute under consideration, does not embrace these different degrees or stages of right. It is limited to the right of possession; for, where that is in question before a justice, he has no jurisdiction of the case. * * * * In short, I understand the word 'title,' as used in the statute, to mean precisely what it means in reference to the common law action of ejectment. It is synonymous with 'the right of possession.' That is the title which is tried in the common law action of ejectment, and that is the right which may be pleaded to oust the jurisdiction of a justice." Under the pleadings the action was not one of which a justice's court would have had jurisdiction, had the amount claimed been less than $100, and the

plaintiff was therefore entitled to his costs.    Pyle v. Hand Co.,
1 S. D. 385, 47 N. W. 401; Township of De Smet v. Dow, 4 S.
D. 163, 56 N. W. 84.    The order of the circuit court affirming
the taxation of costs by the clerk is affirmed.