## HERRON v. LYMAN COUNTY.

Laws 1893, Chapt. 54, § 1, provides for the regulation of a county auditor's salary by the value of property in the county, as fixed by the state board of equalization for the preceding year. Laws 1891, Chapt. 65, § 1, provides that no salaried county officer shall receive any compensation other than that provided by law. *Held* that, where the board makes no assessment or return for a certain year, the auditor cannot recover for services performed the next year.

(Opinion filed April 4, 1899.)

Appeal from circuit court, Lyman county. Hon. FRANK B. SMITH, Judge.

Action by Charles C. Herron against Lyman county. From a judgment for plaintiff, defendant appeals. Reversed.

*S. H. Wright* and *I. N. Auld,* for appellant.

*James Brown* and *John G. Bartine,* for respondent.

The facts are stated in the opinion,

CORSON, P. J. This is an action by plaintiff to recover from the defendant a balance claimed to be due him for salary

as county auditor of the defendant county. The cause was tried by the court, findings made, and judgment entered for the plaintiff, and from this judgment the defendant appeals.

The court found the following facts: "First, that from and after May 27th, 1893, until March 1, 1895, and including said 27th day of May, 1893, the defendant Lyman county was an organized county in the state of South Dakota and during said time the plaintiff was the duly elected, qualified, and acting, county auditor of said county; second, that there was no assessment or return by the state board of equalization for the year 1892, and that the assessed valuation in said county for the year 1893, as returned by the state board of equalization was $91,-679; third that during the period between May 27, 1893, and March 1, 1895, the defendant paid the plaintiff $805; fourth, that on or about March 4, 1895, the plaintiff presented a bill for the balance of his salary, but that it was disallowed by the defendant Lyman county; fifth that the plaintiff is entitled to a yearly salary of $458.39½, and to $807.56, from and including May 27, 1893, to March 1, 1895."

The assignments of error are as follows: "First. The court below erred in overruling defendant's objection to the reception of any evidence upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Second. There was error in not rendering judgment for the defendant upon the findings of fact. Third. The court erred in what is designated the 'fifth' finding of fact for the reason that the same is (1) in conflict with and contrary to, the preceding findings; (2) the same is a mixture of findings of fact and legal conclusions. Fourth. There was error in rendering judgment for the plaintiff, because the findings of fact do not

support the conclusions of law.    Fifth.    The court erred in rendering judgment for the plaintiff for costs."

It is contended by the appellant that inasmuch as the court found affirmatively that there was no assessment' or return by the state board of equalization for the year 1892, and failed to find that there was any'assessment or return by the state board of equalization for the year 1894, the plaintiff was not entitled to recover any sum for his services performed during the years 1893 and 1895, and bases its contention upon that part of Section 1, Chap. 54, Laws 1893, which reads as follows: "The salary of the county auditors shall be regulated by the value of the property in their respective counties as fixed by the state board of equalization for the preceding year;" and also upon Section 1, Chap. 65, Laws 1891, which provides "that all county and state officers for whose services a salary is provided by law shall receive no compensation for their services other than that provided by law." It would seem from these provisions that, where the amount of the officer's salary is to be determined in a specified manner, no other method can be resorted to, and, as the salary of county auditors is to be determined by the value of property as equalized for the preceding year, this assessment or return can only be referred to in order to ascertain the amount of their compensation. We are of the opinion, therefore, that the appellant is right in its contention. This court, in Pyle v. Hand Co., 1 S. D. 385, 47 N. W. 401, held that "the relation between municipal corporations and their officers is not one of contract. The rule is that public officers, and the officers of public corporations, are created for the public benefit, and that they and their official duties and emoluments are governed by considerations relating to the common good, and

that there is nothing of the nature of a contract pertaining to them." Hence, there being no contractual relation existing between the county and the respondent, he can only recover for his services as county auditor by bringing himself within the provisions of the statute. The fifth finding of the court, therefore, that the plaintiff was entitled to $807.56 for the services rendered by him, is, as claimed by appellant, unsupported by the other facts as found, and is more in the nature of a conclusion of law than a finding of fact. The respondent, from the findings, only established the fact that he was entitled to a salary of $458.39½ for the year of 1894; and, as it appears that the respondent had been paid the sum of $805, it follows that the conclusion of law of the court, that there was a balance due the respondent, was erroneous. Undoubtedly, the learned circuit court stated its conclusion of law upon the theory that, as the lawmaking power had made no provision for the salary of a county auditor for the first year on the organization of a new county, it would be but equitable and right that his compensation for such year should be based upon the assessment or return for a succeeding year or years. But this would be an attempt by the court to supply an evident inadvertence on the part of the legislature to make a provision for compensation for county auditors in newly organized counties. Courts are not permitted to remedy such a failure, when the statute expressly provides the method by which the salary shall be ascertained, and that no such officer shall receive any compensation for his services other than that provided by law. In the view we take of the case, it will not be necessary to pass upon the other assignments of error of the appellant. The judgment of the court below is reversed.