SCHOOLEY and Another v. STOOPS and Others.

A. sold to B., by deed of warranty, a tract of land incumbered by a mort-
gage executed by A., and gave to B. a penal bond to secure the payment
of the mortgage by a given day. A. failed to pay it; but B. had not paid
it nor suffered any inconvenience from the non-payment. Held, in a suit
by B. against A. upon the bond, that the damages recovered should have
been only nominal.

*Friday,
May 27.*

ERROR to the *Wabash* Circuit Court.

PERKINS, J.—Debt by the defendants in error against the
plaintiffs in error, upon a bond of which the following is
a copy. The date is the 15th of *March*, 1850. "Know
all men by these presents, that *Isaac Schooley* and *Amer
Allen*, of, &c., are held and firmly bound unto *James Stoops,
John. M. Myers*, and *Andrew M. Earley*, of, &c., in the
penal sum of 600 dollars, for the payment of which they
bind themselves, &c. The condition of the above obli-
gation is as follows: that the above-named *Schooley* has
this day sold unto the said *Stoops, Myers*, and *Earley*, a
tract or parcel of land lying in *Grant* county, *Indiana*,
and described as follows: a part, &c., containing eighty
acres, for the sum of 1,200 dollars, the receipt of which
is hereby acknowledged, for which the said *Schooley* made
unto the said *Stoops, Myers*, and *Earley*, a warranty deed,
conveying to them the title in fee-simple of said premises,
while at the same time an incumbrance remained by
mortgage, of 200 dollars, in favor of *Russ* and *Beauchamp*,
dated *June* 1st, 1841, at 10 per cent. interest; now, if the
said *Schooley* satisfies the said mortgage or incumbrance
within seventy-five days from the making of this obliga-
tion, then," &c.

Breach, that he did not satisfy said incumbrance.

The defendants made default; a jury of inquiry was
sworn to assess the damages; the only evidence offered
for their consideration was the bond above set out; and
they were instructed by the Court that upon it, the mea-
sure of damages was the amount of the mortgage speci-
fied in the bond, with 10 per cent. interest from the 1st of

*June*, 1841, which amount was accordingly assessed by the jury, and judgment was rendered upon the assessment. The defendants excepted.

The payment by *Schooley* of the damages recovered below in this case, will not discharge him from liability to pay to *Russ* and *Beauchamp* the amount due on the mortgage upon the land sold to *Stoops*, *Myers*, and *Earley*. He may be sued for that claim at any time, and he, or his legal representative, must be sued for it whenever it shall be collected by suit.

Had the debt to *Russ* and *Beauchamp*, which *Schooley* and *Allen* bound themselves in the bond sued on to pay, been originally due from *Stoops*, *Myers*, and *Earley*, then, on the failure of said obligors to pay said debt, the direct liability of those three men would have remained to pay it, and on their recovery of the sum in a suit against said obligors, the said obligors would be discharged, and would not remain liable to pay the sum a second time. In such a case there would be no hardship, at least, in the recovery of the full amount in a suit on the bond before the party suing had actually paid the money.

But in the case before us, a party gives bond to pay a debt of his own, which is a lien on land sold by him, by a given day, and fails to do it. Nevertheless, he still remains liable to pay the debt, to be sued for it, and one or the other, or both of these things may happen. The purchasers of the land bound by the lien have not paid it off, and may never do it; and have not, so far as appears, suffered any inconvenience. Why, then, should they recover for damages they have not sustained, and may never sustain? Suppose *Schooley* and *Allen* had paid off the incumbrance in question to *Russ* and *Beauchamp* on the day after the forfeiture of the bond, and had then been sued by *Stoops*, *Myers* and *Earley*, would these men, in such case, have been entitled to recover the full amount, or could the defendants have shown that no damage had been sustained, and thus reduced the amount recovered to nominal damages? They may still pay off said incumbrance, and why should the obligees in the bond re-

May Term,
1853.
———
BARNES
v.
DOE.

cover more than nominal damages till they have sustained more ? They might, before suing, have gone forward and paid off the incumbrance, and then rightfully recovered the full amount. But they did not do so. They refused to pay it themselves, and they had a right so to refuse, and wait to see what the original debtor should do in the premises, holding the bond in question, with the additional security they had required on taking it, in reserve, to cover any damage they might sustain. We think the Court erred in their instruction to the jury.

We are aware that there are cases, and particularly *Lethbridge* v. *Mytton*, 2 Barnw. and Adolph. 772, that seem to be against the view we have taken, but we think the rule they support an unreasonable one. See Sedgwick on Damages, 2 ed., pp. 182, 183.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Brownlee*, for the plaintiffs.

*D. D. Pratt* and *D. M. Cox*, for the defendants.