May Term,
1857.

TATE
v.
BOOE.

*J. Ryman,* for the appellant.

------------◆◆◆◆------------

## TATE v. BOOE and Another.

Complaint upon a penal bond, conditioned for the payment by *B., C.* and *D.* of the indebtedness of *A.* and *B.*, who had been partners, and for the exemption and security of *A.*, the plaintiff, from all liability on account of the partnership. Breach, that a judgment had been recovered against the late firm, for which the plaintiff was liable. *Held,* bad on demurrer.

If the complaint on such a bond does not show that the plaintiff has sustained actual damage, he can at most recover only nominal damages; and for such a recovery, a judgment will not be reversed.

APPEAL from the *Fayette* Circuit Court.

Monday,
May 25.

DAVISON, J.—*John B. Tate* sued *Wilson Limpus, George Booe* and *Lewis McCormack* upon a bond, in the penalty of 3,000 dollars. The bond is dated *December* the 24th, 1852, and is conditioned as follows:

"Whereas, *Wilson Limpus* has this day purchased all the

right, title and interest of *John B. Tate*, in and to the clothing establishment heretofore conducted by them, (*Limpus* and *Tate*,) in *Connersville*, *Indiana*, as partners, and has individually assumed the payment of all the debts contracted by them as such partners, or by either of them on account of the partnership: Now, therefore, if the said *Wilson Limpus* shall fully and entirely discharge all obligations due from said parties as a firm, and shall secure, exempt and defend *John B. Tate* from all liability, responsibility, or obligation that has accrued, or may accrue by reason of the partnership, then the obligation to be void," &c.

For breach, it is averred that they, (*Limpus* and *Tate*,) on the 27th of *August*, 1852, executed their promissory note to one *Joseph Newhouse*, for store goods at that date purchased by them as partners; and that since the execution of the bond in suit, viz., on the 26th of *July*, 1854, *Newhouse* recovered a judgment against them on said note, in the *Fayette* Common Pleas, for 123 dollars, &c., which judgment remains in full force and unsatisfied. And that, at all times since its rendition, *Limpus* has been, and he still is insolvent, and has wholly failed to pay the judgment or any part of it; nor could the same, or any part thereof, have been collected of or from him, at any time since the recovery against them. Wherefore the plaintiff says that he is liable and responsible to *Newhouse* for said judgment, interest thereon, and costs, which in the aggregate amount to 130 dollars.

As to *Limpus*, process was returned not found. The other defendants appeared, demurred to the complaint, and their demurrer was sustained. Judgment was accordingly rendered, &c.

The only question to settle in the case is this: Does the complaint—there being no averment that the plaintiff had satisfied the judgment—state facts sufficient to constitute a cause of action?

Evidently it does not, if the principle that actual compensation can only be given for positive loss, applies to the case stated in the record; because the plaintiff has not shown that he sustained any injury from the alleged breach.

But it is insisted that the rule to which we have just referred, though applicable to mere covenants of indemnity, should not be allowed to control the decision of the case under consideration; that the instrument sued on is not a contract to indemnify, merely, but an affirmative covenant for the performance of a specific thing, viz., to pay the debts of the firm of *Tate* and *Limpus;* and that the plaintiff, though he has not satisfied the judgment, is entitled to recover the amount of his liability. The doctrine thus stated is sanctioned by various authorities. See 17 Johns. 239; 1 Hill, 145; and 9 Mees. & Welsb. 657 (1).

But a different rule of decision has been adopted in this Court. *Schooley* v. *Stoops,* 4 Ind. R. 130, was debt upon a bond to be void upon the condition that *Schooley* would, within 75 days from the date of the obligation, satisfy a mortgage resting on certain real estate then sold and conveyed by him to *Stoops.* Breach, that *Schooley* did not satisfy the mortgage. *Held,* that the latter was liable only for nominal damages.

A late writer on the subject of damages says that, "Any rule by which actual damages are given, where no actual loss is sustained, is, in truth, nothing but an effort to engraft on Courts of common law a species of specific performance, irregular and illegitimate, and which neither their forms of procedure, nor the general arrangement of their system enable them to exercise, without great danger of injustice and abuse. The rule should be considered cardinal and absolute, that actual compensation shall only be given for actual loss." Sedgwick on Damages, 311. These remarks seem to possess great force, and, in our opinion, enounce a correct exposition of the law. Suppose, in this instance, a recovery against the defendants. We know of no rule of procedure, whereby the plaintiff could be compelled to apply the proceeds of his recovery in discharge of the partnership debt. Such proceeds may or may not be so applied; and the partner who executed the bond may still remain liable upon the judgment against the firm. This result would not accord with any principle of justice. The conclusion thus indicated is fully sustained in *Schooley* v. *Stoops,*

May Term, *supra*; and we are inclined to follow that decision. Per-
1857. haps the facts set forth in the complaint would entitle the

ROBERTS plaintiff to nominal damages; but for such recovery merely,
v.
McCARTY. the judgment will not be reversed.    5 Ind. R. 250.

         *Per Curiam.*—The judgment is affirmed, with costs.

         *B. F. Claypool* and *N. Truslér*, for the appellant.

    (1) See also, *Rockfeller* v. *Donnelly*, 8 Cow. 623 and 639; *Chace* v. *Hinman*,
8 Wend. 452; *Ex parte Negus*, 7 *id.* 499; *Webb* v. *Pond* 19 *id.* 423; *Aberdeen* v.
*Blackmar*, 6 Hill, 324; *Churchill* v. *Hunt*, 3 Denio 321; *Crippen* v. *Thompson*, 6
Barb. S. C. 532; *Gilbert* v. *Winman*, 1 Comst. 550, where the foregoing cases are
reviewed; *Jeffers* v. *Johnson*, 1 Zab. 73; *Ohio Life Ins. and Trust Co.* v. *Reeder*,
18 Ohio R. 47; Sedgwick on Damages, pp. 308 to 313, second ed., where the
cases are reviewed; *Hancock* v. *Clay*, 2 Stark. 100—Ellenborough; *Wood* v.
*Wade*, 2 *id.* 167—Ellenborough; and other *English* cases.