May Term,
1859.

KIRK
v.
THE FORT
WAYNE GAS-
LIGHT CO.

*W. March,* for the appellants.

*T. J. Sample,* for the appellees.

---

KIRK and Wife *v.* THE FORT WAYNE GASLIGHT COMPANY.[*]

A bond for the assumption and guaranty of payment of a promissory note, implies a debt due the obligee, which the obligor agrees to pay by paying a debt due from the obligee to another.

The bond is an original undertaking, and not merely a contract of indemnity.

Where a mortgage was executed by husband and wife to secure the performance of the condition of such a bond, and suit was brought against them upon bond and mortgage, judgment for the recovery of the money should not be rendered against the wife.

*Friday,
June 10.*

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—Suit to foreclose a mortgage. Judgment of foreclosure.

*Kirk* executed a bond to *The Fort Wayne Gaslight Company,* conditioned as follows:

" The condition of the above obligation is such, that whereas the above-bound *Lewis F. Kirk* has this day assumed and guarantied the payment of two certain promissory notes, bearing date the 4th day of *April, A. D.* 1855, for the sum of 1,000 dollars each, in favor of *Daniel M. Corwin,* payable at one and two years, by *The Fort Wayne Gaslight Company,* the latter of said notes with interest: Now, if the said *Lewis F. Kirk* shall well and truly pay said notes, according to the tenor of the same, then," &c.

This bond implies a debt due from *Kirk* to *The Fort*

---

[*] A petition for a rehearing of this case was filed on the 5th of *August,* and overruled on the 8th of *November.*

*Wayne Gaslight Company*, which he agrees to pay by pay-
ing a debt due from that company to *Corwin*.

To secure the performance of the condition of the bond,
*Kirk* and wife executed a mortgage to the gas company
on a certain piece of property in *Fort Wayne*. It is al-
leged in the complaint, that there was a mistake in the
mortgage in the description of the property, which was
corrected in the final judgment.

*Kirk* failed to pay the notes mentioned in the bond, and
failed to pay the amount of them to the gas company;
whereupon this suit was brought upon the bond and mort-
gage.

The principal objection taken to the judgment below is,
that the suit is upon a contract of indemnity merely, and
that no damage is shown to have accrued to the gas com-
pany by the breach of the contract. But we regard the
contract as an original undertaking to pay the amount of
the notes to the company, or, for their benefit, to their
creditor. It implies a debt of that amount due from *Kirk*
to the gas company. We think the suit well brought for
the amount of the notes.

Upon the evidence, we cannot disturb the judgment
below.

The judgment in form was—

1. That the plaintiff recover of the defendants the sum
of, &c.

2. That the defendants pay it into the clerk's office;
and, in default of their so doing, that the mortgaged prop-
erty be sold.

3. That the equity of redemption be foreclosed.

*Per Curiam.*—That part of the first clause of the judg-
ment for the recovery of the money, which is against the
wife, is erroneous, and is reversed. The balance of the
judgment is affirmed with costs.

*L. C. Jacoby*, for the appellants.