*W. R. Harrison*, for the appellee.

————————

WELLS and Another *v.* MERRITT.

*A.* having executed a mortgage upon certain real estate, afterward sold the premises to *B.*, who agreed to pay for the same by discharging the notes and mortgage given by *A.*; and to secure the performance of his agreement, executed to *A.* a mortgage upon the same premises. Suit by *A.* against *B.*, to foreclose the mortgage.

*Held*, that the mortgage from *B.* to *A.*, was not a mere mortgage of indemnity, upon which *A.* could not maintain an action until he had paid the notes assumed to be paid by *B.*; but that upon the failure of *B.* to pay the purchase money, in the manner stipulated, an immediate right of action accrued to *A.* upon the mortgage.

*Held*, also, that the covenant of *B.* in the mortgage, to pay the notes of *A.*, was sufficient to authorize an order for execution over against him, if the mortgaged premises did not satisfy the debt.

APPEAL from the *Orange* Circuit Court.

WORDEN, J.—This was an action by *Merritt* against *Wells* and wife, to foreclose a mortgage executed by the defendants to the plaintiff. Judgment for the plaintiff.

The facts are as follows, viz., *Merritt* had bought a piece of land of one *Eli Allen*, and had given him certain promissory notes for the payment of the purchase money. *Merritt* then sold the land to *Wells*, and the latter agreed, in payment therefor, to pay the several promissory notes thus given by *Merritt* to *Allen*, and to secure the performance of the agreement, executed to *Merritt* the mortgage in suit. There was a stipulation in the mortgage binding *Wells* to pay the several notes mentioned.

It is insisted that this was a mere contract of indemnity,

Nov. Term, 1861.

and that no action will lie upon it, nor can any foreclosure be had, until *Merritt* shall have been damnified by being compelled to pay to *Allen* the notes mentioned. We are not of this opinion. The sale of the land by *Merritt* to *Wells*, created an indebtedness from the latter to the former. This indebtedness, by the agreement of the parties, was to be discharged by the payment, by *Wells*, of the notes given by *Merritt* to *Allen*. A failure by *Wells* to pay according to his stipulation violates the agreement, and gives *Merritt* an immediate cause of action. This view is fully sustained by the case of *Kirk et al.* v. *The Fort Wayne Gas'ight Co.*, 13 Ind. 56, from which this case can not, in principle, be distinguished.

There was an order for execution against *Wells* for any deficit, after exhausting the mortgaged premises. This is objected to, because "there was no separate undertaking to pay any thing." The mortgage contained a covenant binding *Wells* to pay the several notes, and that was amply sufficient to justify the order of the Court. 2 R. S. 1852, § 634, p. 176; *id.* § 2, p. 239.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. & A. B. Collins*, for the appellants.