## MERRITT v. WELLS and Others.

The vendor of land has a lien for the purchase-money on the land against the vendee and purchasers from him with notice.

*A* sells land to *B*, and takes *B*'s notes for the purchase-money, but no mortgage. *B* sells the same land to *C*, who has notice of the unpaid notes, and agrees to pay them, and executes a mortgage on the land to *B* to secure their payment. *B* seeks to foreclose the mortgage, *C* having failed to pay the notes to *A*.

*Held*, that *A* is a necessary party to such suit, in order that the judgment in the suit may direct the payment of the money in such a manner, among parties before the Court, that the judgment may bind all parties, and may be enforced against all having interests, now ready for enforcement, in the land, and in its titles, and the proceeds of its sale.

*Per Curiam.*—1. The case of *Kirk* v. *The Fort Wayne Gas Light Company*, 13 Ind. 56, settles the point that the plaintiff in this case can sue, upon the state of facts appearing by the complaint. But:

2. Is it not manifest that there is a defect of parties defendant? These are, in short, the facts. *Eli Allen* sold and conveyed to *Jeremiah S. Merritt* a tract of land, taking the notes of the latter for the purchase-money. For the payment of that purchase-money, *Allen* had, by law, a lien on the land

in question against *Merritt* and purchasers from him with notice. *Wells* became such a purchaser of the land from *Merritt*. He purchased with notice that *Allen* had not been paid; because, at his purchase from *Merritt*, he expressly assumed to pay off the amount of *Allen's* lien to him, by taking up the notes he held on *Merritt*; and he gave *Merritt* a mortgage on the land to secure the performance of his promise. But *Wells* has failed to pay *Merritt's* notes to *Allen*, and *Merritt* seeks to foreclose the mortgage upon the default.

Now, it is plain that *Allen* should properly be made a party to the suit in order that the judgment in the case may direct the payment of the money in such manner, and among parties before the Court, that the judgment may bind all parties, and may be enforced against all having interests, now ready for enforcement, in the land, and in its title, and the proceeds of its sale. Otherwise, *Merritt* may get a judgment against *Wells* for the whole amount, and still, as *Wells* is a purchaser with notice, *Allen* may get a subsequent judgment against the land in his possession for the same amount.

But the case is not before the Court. It appears by the transcript to have been dismissed, but no exception was taken. There is no bill of exceptions showing the reason of the dismissal.

Again, the clerk only testifies to the transcript, that it contains what appellant's attorney directed him to incorporate into it. What is meant by section 558 of the code which enacts, that upon an appeal being taken, the clerk shall make out a transcript of the record, "or so much thereof as the appellant in writing directs"? We decide nothing as to this point.

The judgment is affirmed, with costs.

*A. J. Simpson*, for appellant.

*James Collins, Alfred B. Collins, M. S. Mavity*, for appellees.