### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT THE NOVEMBER TERM, 1864, AFTER JANUARY 3, 1865.

————◆————

### JOHNSON and Another *v.* BRITTON.

CONTRACT TO REMOVE INCUMBRANCES—MEASURE OF RECOVERY.—On a breach of contract to remove incumbrances, the measure of recovery is the amount of the incumbrance which the defendant contracted to remove. *Schooley* v. *Stoops*, 4 Ind. 130, and *Tate* v. *Booe*, 9 Ind. 13, overruled.

SAME—PARTIES—DEMURRER.—*A* brought suit against *B* and wife to foreclose a mortgage given to him to secure the payment, within a specified time, by *B* of a mortgage given by him to *C*, on property sold by *B* and wife to *A*. Complaint alleged that *A* had fully paid *B* the consideration for his undertaking; *B* had failed to pay the mortgage to *C*; and *C* had obtained an order foreclosing the same. There was no averment that *A* had paid the money, or that there had been any eviction. Demurrer to complaint overruled.

*Held*, that, under the code, *C* was a proper but not a necessary party to the action

*Held*, also, that the demurrer was correctly overruled. Page 110.

APPEAL from the *Montgomery* Common Pleas.

PERKINS, J.—We think the averments in the complaint in this case bring it within *Kirk et ux.* v. *The Fort Wayne, etc. Company*, 13 Ind. Rep. 56; *Merritt* v. *Wells*, 18 Ind. 171. The plaintiff avers that she paid the money to the defendants to pay off a certain mortgage, which they specially agreed to pay off for her, and gave the mortgage in question to secure the performance of the agreement. They

have failed to perform and should refund, etc. The form of the contract is different from that of a simple indemnity.

*Per Curiam.*—The judgment is affirmed, with one per cent. damages and costs.

### *On Petition for a Rehearing.*

GREGORY, J.—Since the present judges came into office, an earnest petition for a rehearing has been filed. The question involved is of importance; the principle to be settled, one that must govern in at least one other case now under consideration; and as we find, on examination, that the decisions of this court on this subject are conflicting, we have given this question the attention which, under the circumstances, seemed to be demanded.

This was a civil action, instituted in the Court of Common Pleas of *Montgomery* county, by *Charity Britton*, the appellee, to foreclose a mortgage given by *John W. Johnson* and his wife, *Rose A. Johnson*, to secure the performance by *John W. Johnson* of the following contract:

"I, *John W. Johnson*, having this day conveyed to *Charity Britton* a part of lot No. 52, on the original plat of the town of *Crawfordsville*, on which there is a mortgage given by me to *Jeremiah Busenbark* for $540, which amount I hereby agree to pay within the time specified in said mortgage; said mortgage bearing date *Febuary* 11, 1860, and recorded in Mortgage Record No. 4, on page 499. Witness my hand, this 15th day of *August*, 1860.

"(Signed)                    JOHN W. JOHNSON."

The complaint alleges that the plaintiff below fully paid the said *John W. Johnson* the consideration for his undertaking to pay and remove said mortgage from said premises; but that defendant failed to pay said mortgage within the time specified by the terms of said mortgage, and that *Busenbark*, after the debt became due, obtained in the court below a decree of foreclosure of his mortgage, and the complaint avers that defendant had failed to pay the same.

There is no averment that *Britton* had paid the money to *Busenbark*, or that there had been an eviction. A demurrer was filed, assigning for cause "that the complaint did not state facts sufficient to constitute a cause of action." The demurrer was overruled, and appellants excepted, and refused to answer further. The court below rendered a decree for the *amount* which *Johnson* had promised to pay, with interest, etc.

The agreement of *Johnson* is not one of indemnity merely, but a promise to pay *his* debt to *Busenbark* at maturity.

In the case of *Loyd et al.* v. *Marvin et al.*, 7 Blackford, 464, the condition of the bond was, that "should said *Brown* indemnify the said *John* and *Allen Loyd*, the plaintiffs, and save them perfectly free and harmless from the operation of said judgment, by virtue of the liens thereof, then the obligation to be void." This was held to be a bond of indemnity. That case bears no analogy to the one at bar.

But the cases of *Schooley et al.* v. *Stoops et al.*, 4 Ind. 130, and *Tate* v. *Booe et al.*, 9 Ind. 13, are in direct conflict with the decision of our predecessors in this case, and it becomes our duty to determine which shall stand. The case of *Schooley et al.* v. *Stoops et al.*, *supra*, was decided 27th of *May*, 1853, and was determined in the *Wabash* Circuit Court before the code came in force. *Perkins*, J., in delivering the opinion, says: "We are aware that there are cases, and particularly *Lethbridge* v. *Mytton*, 2 Barnw. & Adolph. 772, that seem to be against the view we have taken, but we think the rule they support an unreasonable one. See Sedgwick on Damages, 2d ed., 182–183."

We are not aware of any decision in this country or in *England* sustaining Mr. *Sedgwick's* view of this question to the extent to which he carries it. Mr. Justice *Waite* in a dissenting opinion in the case of *Lathrop* v. *Atwood*, 21 Conn. 117, argued with great force that Mr. *Sedgwick* was right, but we think this is the only *court* in which this prin-

ciple has been fully adopted as a rule of decision. But it must be confessed, that the considerations urged by Mr. Justice *Waite* and Mr. *Sedgwick,* as applied to a recovery in a court, and in an action, at law strictly, are entitled to to very great weight; and, as Mr. *Sedgwick* remarks, serve to illustrate "the inconvenience and serious hardships that often flow from the separation of the jurisdictions" at law and in equity. But the objection thus forcibly urged to the doctrine as applied in cases at law, by courts destitute of equity jurisdiction, has no application to cases under the code. By section 18, 2 G. & H. 46, it is provided that "any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, *or who is a necessary party to a complete determination or settlement of the questions involved."* And the distinction between actions at law and suits in equity is abolished. 2 G. & H. p. 33, sec. 1.

In the case of *Loosemore* v. *Radford,* 9 Meeson & Welsby, 657, the defendant had covenanted to and with the plaintiff to pay third persons a debt due from the *defendant,* for which the plaintiff was surety. The plaintiff had paid nothing. Verdict for the whole amount due to the third persons. Motion for a new trial. *Parke,* B., said: "I think there ought to be no rule. This is an absolute and positive covenant by the defendant to pay a sum of money on a day certain. The money was not paid on that day, nor has it been paid since. Under these circumstances, I think the jury were warranted in giving the plaintiff the full amount of the money due upon the covenant. If any money had been paid in respect of the note since the day fixed for the payment, that would relieve the plaintiff *pro tanto* from his responsibility. The defendant may, perhaps, have an equity that the money he may pay to the plaintiff, shall be applied in discharge of his debt. But at law the plaintiff is entitled to be placed in the same situation, under this agreement, as if he had paid the money to the payees of the bill."

In *Gilbert* v. *Wiman and Others*, 1 Comstock, 550, which was an action upon a bond given by a .deputy sheriff to the sheriff, it was held that in contracts of indemnity, where the obligation is to perform some specific thing, or to save the obligee from a charge or liability, the contract is broken when there is a failure to do the specific act, or where such charge or liability is incurred. *Pratt*, J., in his opinion in that case, when decided in the Supreme Court, lays down the rule that "when the instrument deviates the least from a simple contract to indemnify against damage, even where the indemnity is the sole object of the contract, and where, in consequence of the primary liability of other persons, actual loss may be sustained, the decisions of our courts, although by no means uniform, have gradually inclined toward fixing the rule to be one of actual compensation for probable loss; so that, in contracts of that character, it may now be considered a general rule both in this country and *England*." He adds: "Indeed, the late Supreme Court have gone so far, in some recent cases, as to allow a full recovery when it did not appear that the plaintiff was liable at all, or could be injured by a breach of the contract, the court deciding that they had a right to infer that the plaintiff had some interest in having the debt discharged, or he would not have made the contract. *Thomas* v. *Allen*, 1 Hill. 146; *Tyler* v. *Ives*, *MS.* Supreme Court, 1839."

In *Wilson* v. *Stilwell*, 9 Ohio State Rep. 467, the bond which was the foundation of the action, was for $3,000, and the condition was in these words:

"The condition of this obligation is such, that whereas the above bounden, *John M. Tooker*, has agreed to pay all the liabilities of the late firm of *J. M. Tooker & Co.*, if the said *John M. Tooker* shall settle up and liquidate all the just claims against said firm of *J. M. Tooker & Co.*, then this obligation is to be void and of no effect, otherwise to remain in full force and virtue." It was held: 1. That *Stilwell*, the obligee, without first having paid any

of said debts, or been otherwise specifically damnified, was entitled to recover on said bond, against the obligors therein, to the amount of such debts remaining unpaid. 2. In such action, it was proper that the creditors of the firm should be made parties, and that the court should, in the judgment, authorize the application of the amount recovered to the payment of the debts of the firm in discharge of the judgment. *Brinkerhoff*, Ch. J., said: "This being a case under the code, and the court below exercising jurisdiction in equity as well as at law, and competent to administer equitable as well as legal remedies, very properly saved the rights of the obligors of the bond and defendants in the judgment, by ordering the creditors of the firm to be made parties, and permitting the obligors to pay off the creditors of the plaintiff, and to have the amount thus paid credited upon the judgment. And this, we think, ought always to be done where any party in interest, *whether creditor* or *obligor, demands it*." The principle involved in the case at bar is very fully considered in the late case of *Wright* v. *Whiting*, 40 Barbour's S. C. Rep. 235, in which most of the authorities on this subject are referred to.

*Busenbark* was, under the code, a proper, but not a necessary party; *Johnson*, if he had desired it for his protection, might have made him a party, and if *Busenbark* had asked it, the court should have admitted him a defendant to the suit. But the demurrer was not for the want of proper parties, and the court below did right in overruling it. 2 G. & H., p. 79, sec. 50, clause 4. *Collins* v. *Nave*, 9 Ind. 209; *Manlove* v. *Lewis, Id.* 194. The cases of *Schooley et al.* v. *Stoops et al.*, and *Tate* v. *Booe, supra*, are overruled.

The petition for a rehearing is overruled, and it is ordered that this opinion be certified to the court below as well as the original opinion in the case.

*S. C. Wilson*, for appellant.

*Thompson & Ristine*, for appellee.