## FREESE v. CRARY.

CONTRACT.—AGENT.—DAMAGES.—Complaint by A upon a written agreement, which, in the body of it, recited that A had sold his house and lot to B, for a certain farm, and stipulated that deeds should be executed as soon as possible. The writing was signed by A, and by "Mrs. P. L., per B, Agent." The first paragraph of the complaint alleged a tender of a deed to B for the house and lot, and a demand of a deed for the farm, &c. The second paragraph alleged that in making the contract, B falsely and fraudulently represented himself as the agent of Mrs. P. L., in whom the title of the farm was, and that the plaintiff, relying upon said representation, *entered into the contract, &c.; that A had tendered to B a deed for the house and lot, and demanded a conveyance of the farm, which was refused, &c.; that the farm was worth $5,000 more than the house and lot, for which sum judgment was asked. ·

*Held*, that the first paragraph showed no cause of action against B, because he executed the agreement as agent only.

*Held*, also, that if the facts alleged in the second paragraph were sufficient to give a right of action against B, there could not be a recovery for more than nominal damages, upon the facts alleged.

APPEAL from the *Tippecanoe* Civil Circuit Court.

ELLIOTT, J.—*Freese* sued *Crary* on the following instrument in writing, viz:

"By this agreement, *Frank Freese* has this day sold to *Frank Crary* his house and two lots, in *Orth's* addition to *Lafayette*, and received payment in the following property, known as the *Hamlin* farm, of one hundred and sixty-one acres, with all the improvements thereon. All the aforesaid property is in *Tippecanoe* county, in the State of *Indiana*. Deeds to be made out as soon as possible.

(Signed,) "F. B. FREESE,

"Mrs. P. LOWE, per G. F. CRARY, Agent.

"*Lafayette, June* 9, 1866."

The complaint is in two paragraphs. The first, after stating the substance of the agreement, alleges that on or about the 22d day of *June*, 1866, the plaintiff and his wife made, signed and acknowledged a deed of conveyance to said defendant for the house and two lots in *Orth's* addition

to the city of *Lafayette*, named in said agreement, which the plaintiff then tendered to said defendant, and demanded from him a deed of said *Hamlin* farm, which he failed and refused to make, to the plaintiff's damage five thousand dollars.

The second paragraph alleges that on the 9th of *June*, 1866, the defendant falsely and fraudulently represented to the plaintiff that he was the agent of Mrs. *Peter Lowe*, and as such had full authority to trade, barter and sell the farm owned by her, known as the *Hamlin* farm, in said county of *Tippecanoe;* that the plaintiff, confiding in said representations and believing the same to be true, was induced thereby to enter into and execute the written agreement hereinbefore set out; that in accordance with the terms of said agreement, the plaintiff made, signed, acknowledged and tendered to the defendant a deed for the two lots named in said agreement, and demanded of him a deed for said *Hamlin* farm, which the defendant did not and could not execute; that the defendant was not in fact the agent of Mrs. *Lowe*, and had no authority from her to trade, barter or sell said farm, which he well knew at the time of making said contract; that the farm was of the value of ten thousand dollars, and the lots of the value of only five thousand dollars, wherefore the plaintiff is damaged in the sum of five thousand dollars, for which he demands judgment.

A separate demurrer was sustained to each of said paragraphs, and judgment was rendered thereon for the defendant. To these rulings the plaintiff excepted, and appeals to this court.

The first paragraph of the complaint shows no cause of action against *Crary*, the defendant. The agreement upon which it is based is not signed by him as a party thereto, but by "Mrs. *P. Lowe*, per *G. F. Crary*, agent." *Crary's* authority to act in the matter as the agent of Mrs. *Lowe* is not questioned in that paragraph. And although it is stated in the body of the instrument that the plaintiff

"*Freese* has this day sold to *Frank Crary* his two lots," &c., yet as the instrument is executed in the name of Mrs. *Lowe*, by *Crary* as her agent, it can only be regarded as a contract between the plaintiff and Mrs. *Lowe*, and that the lots were contracted to *Crary* for her, and as her agent. The deed for the lots, therefore, should have been made to Mrs. *Lowe* and not to *Crary*, and upon her failure to convey the *Hamlin* farm, she, if any one, and not *Crary*, would be liable to an action.

The second paragraph presents a different question. It alleges that the defendant falsely and fraudulently represented that he was the duly authorized agent of Mrs. *Lowe* to make the contract referred to, and thereby induced the plaintiff to enter into it, when in truth, as the defendant well knew, he was not the agent of Mrs. *Lowe*, and had no authority to contract in her name. The rule as to the liability of the agent, in such cases, is stated in Story on Agency, § 264, p. 261, to be, "that whenever a party undertakes to do any act, as the agent of another, if he does not possess any authority from the principal, or if he exceeds the authority delegated to him, he will be personally responsible therefor to the person with whom he is dealing for or on account of his principal."

Assuming, then, without discussing the question, that the facts alleged in the second paragraph are sufficient to make the defendant liable for any damages sustained by the plaintiff, by reason of the alleged false representations as to the agency, still the question is, does he show that he has been injured thereby, in any respect, for which he is legally entitled to recover damages? It is not shown that he paid any part of the consideration, or parted with anything, or that he is placed in any worse condition than he would have been if the false representations had not been made, or the contract entered into. True, it is alleged that the *Hamlin* farm is worth ten thousand dollars, while the lots that the plaintiff was to convey in exchange for it, are only of the value of $5,000, and judgment is claimed for the difference;

but this claim is wholly inadmissible. There is no principle of law, or rule of damages applicable to such cases, to sustain it. The paragraph only shows the plaintiff entitled, at most, to nominal damages; but for such recovery, merely, the judgment will not be reversed. *Tate* v. *Booe,* 9 Ind. 13.

The judgment is affirmed, with costs.

*R. P. De Hart* and *J. M. La Rue,* for appellant.

*J. A. Stein,* for appellee.