## Scobey *v.* Finton.

Contract to Remove Lien on Land.—*Parties.*—Suit by A. against B. upon this instrument: "I obligate myself, in penalty of five hundred dollars, to remove the mortgage from the lot on Noble street, Indianapolis, this day con-

veyed to" A., " within three months from this date;" dated, and signed by B. The complaint alleged that the mortgage remained a lien upon the lot, to the amount of two hundred and sixty-six dollars, in favor of The Indianapolis and Cincinnati Railroad Company, although more than three months had passed.

*Held,* that the complaint was sufficient on demurrer, without an averment that the railroad company was attempting to enforce its lien, or that the plaintiff had paid the lien, or that he had been evicted; and also that the railroad .company was not a necessary party.

EQUITABLE ASSIGNMENT OF JUDGMENT.—*Set-Off Against Insolvent Holder.— Parties.— Verification of Answer.* — The defendant answered, that at the bringing of the suit, he was the equitable owner of certain judgments against the Indianapolis and Cincinnati Railroad Company, which had not been assigned on the judgment docket, and asked that the plaintiffs in said judgments be made parties to answer as to their interest; he also alleged that said railroad was insolvent, and asked that it be made a party, and his said judgments set off against the mortgage debt. A demurrer was sustained to this answer.

*Held,* that this was error. The answer did not require verification.

APPEAL from the Decatur Circuit Court.

BUSKIRK, C. J.—The appellee sued the appellant upon the following instrument:

"I obligate myself, in penalty of five hundred dollars, to remove the mortgage from the lot on Noble street, Indianapolis, this day conveyed to Timothy Finton, within three months from this date.

"August 6th, 1870.          JOHN S. SCOBEY."

It was averred in the complaint, that the parties to the action, in August, 1870, made an exchange of certain real estate; that the property traded by the appellee was situated in Greensburg, Decatur county, Indiana, while the property traded by the appellant was situated in Indianapolis, Indiana; that the Indianapolis property was conveyed to the appellant by John Withers, who had purchased the same from The Indianapolis and Cincinnati Railroad Company, and yet owed upon it the sum of two hundred and sixty-six dollars, for which the railroad company held his note, secured by a mortgage on the property; that each of the parties had executed warranty deeds for the property traded; that the appellant, in consideration of the premises, executed the bond above set out; that the appellant had failed to remove the

mortgage on the said property, although more than three months had elapsed since the execution of the above agreement. The prayer of the complaint was as follows: "And the plaintiff wants it removed from said premises, and demands judgment for five hundred dollars and costs, according to the terms of the said contract, and all other proper relief."

The appellant demurred to the complaint, upon the grounds that it did not state facts sufficient to constitute a cause of action, and that there was a defect of parties, in this, that The Indianapolis and Cincinnati Railroad Company was not made a defendant. The court overruled the demurrer, to which the appellant excepted.

The appellant then answered in two paragraphs. A demurrer was sustained to each paragraph of the answer, to which ruling the appellant excepted.

The appellant refusing to plead further, the cause was submitted to the court for trial, and resulted in a finding for the plaintiff.

The court thereupon rendered the following judgment:

"It is therefore considered by the court that said plaintiff recover of and from the said defendant the said sum of three hundred and thirty-eight dollars and twenty cents, the damages by the court as aforesaid assessed, together with his costs and charges by him about his suit herein paid out and expended, to be collected without relief from valuation or appraisement laws of Indiana; and it is further ordered and considered by the court that a satisfaction of the mortgage and note set out in the complaint herein by said defendant, before the collection of this judgment, will be a satisfaction of the principal and interest of this judgment."

The appellant did not move for a new trial, but entered an objection and exception to all of the judgment, without pointing out any specific objection, or making any motion to correct or modify the same.

The first error assigned is based upon the action of the court in overruling the demurrer to the complaint.

The appellant has urged the following objections to the complaint: First. That it was not averred that the railroad company had been or was attempting to enforce her lien upon the lot. Second. It does not appear that the appellee had paid the mortgage on the said lot, or that it had been demanded of him, or that the railroad company was even threatening to foreclose said mortgage. Third. It does not aver that the appellee had been evicted, or that any attempt had been made in that direction. Fourth. The railroad company was not made a defendant. Fifth. That the prayer for relief is defective, in this, that it only expresses the desire of the plaintiff to have the incumbrance removed, and demands judgment for five hundred dollars, according to the terms of the contract sued on.

Did the complaint state facts sufficient to constitute a cause of action? If the action was based upon the covenants in the deed, the complaint would be defective for not averring, either that the plaintiff had removed the incumbrance, or had been evicted from the premises; but the action is based solely and exclusively upon the obligation of the appellant. The decisions of this court have not been uniform, upon the question of whether the plaintiff could maintain an action upon the obligation on which this action is based, without averring either payment or eviction.

It was held by this court, in the cases of *Schooley* v. *Stoops*, 4 Ind. 130, and *Tate* v. *Booe*, 9 Ind. 13, that in an action on such a bond, the plaintiff could only recover nominal damages, unless real and substantial damages were shown to exist, either by alleging and proving payment or eviction. The opposite principle was enunciated in the cases of *Kirk* v. *The Fort Wayne Gaslight Co.*, 13 Ind. 56, and *Merritt* v. *Wells*, 18 Ind. 171. In *Johnson* v. *Britton*, 23 Ind. 105, the two cases last cited were reviewed and adhered to. A petition for a rehearing was filed, and before it was acted on, a change of the judges of this court took place. The late judges of this court acted on the petition. To them was presented the question of whether they would adhere to the

cases reported in the 4th and 9th Indiana Reports, or those reported in vols. 13 and 18. After reviewing the English and American cases bearing on the question, they overruled the first two cases, and adhered to the two later cases.

After careful consideration of the question, we have concluded to adhere to the ruling in *Johnson* v. *Britton, supra;* and thus holding, it necessarily results that the court committed no error in overruling the demurrer to the complaint.

The next question presented for our decision is, whether the court erred in sustaining the demurrer to the first and second paragraphs of the answer. The first and second were in substance the same, but the second was much fuller than the first, and was pleaded as a cross complaint. We will, therefore, set out the substance of the second paragraph.

It was alleged, that the Indianapolis property was purchased of the railroad company by John Withers, who owed thereon the sum of two hundred and sixty-six dollars, which was secured by a mortgage on the said property; that when the appellant purchased said property from said Withers, he agreed, in writing, to assume and pay the said mortgage; that when he sold the same to the appellee, he agreed, in the instrument above set out, to pay and remove such mortgage within ninety days; that Solomon Sharpe, George D. Miller, and Vinton Warner had recovered separate judgments against the said railroad company, which in the aggregate amounted to one hundred and fifty dollars; that before the commencement of the said action, the appellant had become the owner, by purchase, of said judgments; that the same had not been assigned to him by a regular assignment thereon; that the said judgments were wholly unpaid and justly due; that the said railroad company was, at the several times when the said judgments were rendered, and then was, hopelessly insolvent. The prayer was, that the said Sharpe, Miller, and Warner should be made defendants, to answer to their interests in the said judgments, and that the said railroad company should be made a defendant; and that upon the final

hearing of the said cause, the court should set off against the claim of the plaintiff the amount due from the railroad company to the appellant upon said judgments.

It is maintained by the appellee that the answer was defective, because it was not sworn to. It is insisted, that the facts stated brought it within the 23d section of the code, 2 G. & H. 54. We do not think so. That section provides for substituting a new defendant for the one sued. The facts stated bring it clearly within section 22 of the code.

It is next insisted that the answer was defective, for the reason that the assignment of the judgments was alleged to be by parol, and not in writing on the judgments, and properly attested by the officer who was the custodian of the record. The position assumed is, that a judgment cannot be assigned by parol, but must be assigned in the manner provided in the act found on page 366, 2 G. & H. We are of a different opinion. It was decided by this court, in *Wood* v. *Wallace*, 24 Ind. 226, that there could be, in equity, a valid assignment of a judgment by parol. We adhere to that decision.

It remains to be considered whether the court erred in refusing to make the railroad company and the assignors of the judgments, pleaded as set-offs, parties to the action. If the appellant was entitled to a set-off, then he had the right to have the necessary parties before the court. The judgments having been assigned by parol, it was necessary to make the assignors parties, to answer to their interests in the judgments.

The railroad company was entitled to the money secured by the mortgage and mentioned in the bond sued on. The appellee had no right to, or interest in, the money. If it was paid to him, he would hold it in trust for the railroad company. The only interest the appellee had in the suit was to have the incumbrance removed from his land. The appellant was interested in having the money paid to the railroad company, for if the property was sold upon a foreclosure of the mortgage, and the appellee was evicted, then

he would be liable upon the covenants of his deed to the appellee. It was alleged in the answer that the railroad company was insolvent. If the appellant was compelled to pay the full amount of the mortgage to appellee, and he paid it to the railroad company, then the appellant would be deprived of the benefit of a set-off. His judgments would be worthless to him. The railroad company would receive its debt in full, while it would pay no part of its indebtedness to the appellant. There would be neither justice nor equity in this.

It is provided in section 22 of the code, 2 G. & H. 53, that "the court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had, without the presence of other parties, the court must cause them to be joined as proper parties."

It was held by this court, in *Frear* v. *Bryan*, 12 Ind. 343, that a new party should not be made merely for the purpose of settling matters between that new party and the defendant, in which the original plaintiff had no interest. That decision was manifestly correct, but it does not apply in a case like this, for we have shown that there was a unity of interest between the plaintiff and the railroad company, and that there could not be a complete determination of the matters in controversy without the presence of such company. Full and complete justice could not be done in her absence. *Luark* v. *Malone*, 34 Ind. 444; *Merritt* v. *Wells*, 18 Ind. 171.

By section 18 of the code, 2 G. & H. 46, it is provided, that "any person may be made a defendant who has, or claims, an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved."

As we have already seen, the money sought to be recovered belonged to the railroad company. Suppose the appellee was insolvent. Would there be either justice or

equity in permitting him to get the money in his hands? We think not. The doctrine, as laid down in *Johnson* v. *Britton, supra,* is an innovation upon the common law, and would result in great "inconvenience and serious hardships," if the courts of this State were not bound to protect the equitable as well as the legal rights of parties.

We are very clearly of the opinion, that the court erred in sustaining the demurrer to the cross complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.

*J. S. Scobey* and *O. B. Scobey,* for appellant.

*C. Ewing* and *J. K. Ewing,* for appellee.