## MULLENDORE *v.* SCOTT.

PARTNERSHIP.—*Agreement Between Partners.—Set-Off.*—A. and B., being partners, dissolved their partnership, A. giving his note to B. for his interest in the partnership property, and agreeing to pay all the partnership debts except a note to one S., which B. assumed and agreed to pay. In a suit by B. against A. on the note of the latter, A. answered by way of set-off the agreement of B. to pay the note held by S., averring that it was due and wholly unpaid, and that he, A., was personally liable for the amount thereof.

*Held*, that the answer was a good defence to an amount equal to the note due to S.

*Held*, also, that an answer of set-off is not demurrable for assuming to answer the entire complaint, although the set-off is shown to be for a sum less than the plaintiff's demand. The answer is good to the extent of the set-off.

From the Cass Common Pleas.

*D. P. Baldwin* and *T. S. Rollins*, for appellant.

OSBORN, J.—This was an action upon a note executed by the appellant, payable to the appellee.

The answer consisted of three paragraphs: 1st. The general denial. The second alleges that the appellant and appellee were partners; that on the day of the date of the note sued on, they dissolved their partnership, the appellee withdrawing from the business, the appellant agreeing to pay him five hundred dollars for his interest, in one year, with interest at six per cent., and for which the note was given; the appellant also agreeing to pay all the firm debts except one note for a span of mules to one J. W. Simpson, for which the appellee agreed to pay, and which mules he drew out of the firm. All the residue of the firm property was retained by

the appellant; that the appellee had failed to pay the note to Simpson, or any part of it; that it was due, and that the appellant was personally liable for the amount thereof.

The third paragraph is substantially the same as the second, except that it has a prayer that the note to Simpson may be set off, etc.

A joint demurrer was filed to the second and third paragraphs of the answer and sustained, to which the appellant excepted. The cause was tried by the court, who found for the appellee the full amount of the note, with interest and attorney's fees, and, over a motion for a new trial, judgment was rendered on the finding.

The errors assigned are in sustaining the demurrer, and in overruling the motion for a new trial.

No bill of exceptions appears in the record, and no question arises on the error assigned for overruling the motion for a new trial.

The question arising on the second and third paragraphs of the answer is fully answered in *Johnson* v. *Britton*, 23 Ind. 105, and the authorities there cited. The principle decided was, that where one covenanted to pay the debt for which the obligee was liable and failed, the obligor was liable to the obligee without his first paying the debt, or being specially damnified, and that he could recover on the agreement, to the amount of such debts remaining unpaid. The cases of *Schooley* v. *Stoops*, 4 Ind. 130, and *Tate* v. *Booe*, 9 Ind. 13, were overruled.

Whether Simpson should be made a party is not before us. Perhaps the appellee will be entitled to have him before the court for his own protection. In *Wilson* v. *Stilwell*, 9 Ohio St. 467, the court ordered the creditors to be made parties, so that the obligors of the bond might pay them off and have credit for the amount paid.

In this case, the note to Simpson is less than the one by the appellant to the appellee. But it has been held that a set-off is not strictly a defence, and that, from its very nature, it can only be regarded as an answer to so much of the

plaintiff's demand as may be proved on the trial. Hence, although the amount in the answer is less than the sum claimed in the complaint, the answer is not demurrable on the ground that it purports to answer the whole, when it answers only a part, of the complaint. *Curran* v. *Curran*, 40 Ind. 473; *Dodge* v. *Dunham*, 41 Ind. 186.

The judgment is reversed, with costs. The cause is remanded, with instructions to overrule the demurrer to the second and third paragraphs of the answer, and for further proceedings, etc.