## THE SOUTH SIDE PLANING MILL ASSOCIATION ET AL. *v.* THE CUTLER & SAVIDGE LUMBER COMPANY.

PROMISSORY NOTE.—*Bond of Corporation, to Maker of Note, Assuming Payment thereof.—Principal and Surety.—Joint Action on Note and Bond.— Effect of Demurrer.—Consideration of Bond.—Misjoinder of Actions.— Judgment.*—A bond executed by the secretary, and on behalf, of a certain corporation as principal obligor, and by certain sureties, recited that " whereas " the obligee " has *heretofore* sold and delivered to the above bound " corporation certain property of a specified value, described in a schedule attached thereto ; and whereas such principal "has assumed and agreed to pay, as part of the consideration for " such property, certain debts owing from the obligee to others, amounting to a specified sum, including a certain promissory note not then matured, executed by the obligee of the bond to another, calling for a certain sum with ten per cent. interest, without relief, payable in bank and endorsed by certain persons ; " Now therefore, if the said " corporation shall pay such debts " according to the tenor and effect" thereof, and hold the obligee harmless thereon, " this bond shall be void." But if the said obligee shall be compelled to pay the same, then he " may have his action on this bond, against said corporation and the individuals joining as sureties herein, for the sums so paid by him," etc., and the judgment therein " shall be without relief," etc., and draw ten per cent. interest, etc. Complaint on such note and bond, by the payee, against the makers and endorsers of the note, and the principal and sureties in the bond, alleging the bond to have been executed by the corporation and its sureties.

*Held,* on demurrer to the complaint, that the sureties are liable to the obligee, jointly with the principal, on the bond, immediately upon the failure of the principal to pay off such note at maturity, and without his paying the same to the holder.

*Held,* also, that, on non-payment of such note, the payee may maintain a joint action on the bond and note.

*Held,* also, that the demurrer admits the allegation that the bond in suit is the bond of the corporation.

*Held,* also, that the bond purports to have been given on a sufficient consideration.

*Held,* also, that there was no misjoinder of actions.

*Held,* also, that the plaintiff was entitled to a judgment bearing ten per cent. interest, and without relief.

From the Marion Superior Court.

*D. V. Burns, H. W. Harrington* and *A. F. Denny,* for appellants.

The South Side Planing Mill Ass'n *et al. v.* The Cutler & Savidge Lumber Co.

*J. T. Dye* and *A. C. Harris*, for appellee.

BIDDLE, J.—Suit by appellee, against appellants. The appellants are so numerous, and the averments of the complaint so lon⌐ that it is impracticable to set out the complaint in full, but the material facts which present the questions involved may be stated as follows :

That the appellee is a corporation; that, on the 1st day of October, 1875, Henry H. Wheatley executed his promissory note, payable to the appellee, for five thousand two hundred and fifty dollars, eight months after date, with interest at the rate of ten per cent., negotiable and payable at McCord & Wheatley's Bank, Indianapolis, Indiana, without relief from valuation or appraisement laws; that Benjamin R. McCord and William M. Wheatley endorsed the note in their firm name of "McCord & Wheatley," waiving presentment for payment, protest, and notice of non-payment; that the note was given in payment for lumber, building material and merchandise delivered by the plaintiff to said Henry H. Wheatley, on the credit of the maker and endorsers, of all of which the endorsers had full knowledge at the time of the endorsement; that, at maturity, the note was presented for payment, and protested for non-payment, of which the endorsers had due notice; and that the note remains wholly unpaid.

That, on the 10th day of November, 1875, before the note became due, by a certain bond, executed to Henry H. Wheatley by " The South Side Planing Mill Association" and nineteen other individuals, whose names are stated, the said association " undertook, assumed and agreed to pay said note, as a part of the consideration for the purchase of certain real estate, personal and other property, then made of Henry H. Wheatley."

The bond is in the sum of fifty thousand dollars, in the

562    SUPREME COURT OF INDIANA.

The South Side Planing Mill Ass'n *et al. v.* The Cutler & Savidge Lumber Co.

usual form, payable to Henry H. Wheatley, with the following conditions :

" Whereas the above named Henry H. Wheatley has heretofore sold and delivered to the above bound ' South Side Planing Mill Association,' certain real estate, personal property, rights, credits and choses in action, amounting in the aggregate to the sum of seventy-seven thousand two hundred and thirty-two and $\frac{15}{100}$ dollars, as shown by a schedule hereto attached, and made a part hereof, on which property there are certain encumbrances, amounting in the aggregate to the sum of thirty-four thousand seven hundred and seventy-three and $\frac{2}{100}$ dollars, as appears by reference to said schedule. And whereas the said ' South Side Planing Mill Association ' has assumed and agreed to pay, as a part of the consideration for the property so conveyed and assigned to her by the said Henry H. Wheatley, certain notes executed by said Wheatley to divers persons, amounting, in the aggregate, to forty-two thousand four hundred and fifty-nine and $\frac{13}{100}$ dollars, as shown by a schedule attached and made a part hereof. And whereas the said corporation is further indebted to the said Wheatley, as a part consideration for said property, the sum of five thousand dollars, evidenced by two notes executed by said corporation to said Wheatley. Now, therefore, if the said ' South Side Planing Mill Association ' shall well and truly pay, or cause to be paid, the above described notes, mentioned in the schedule attached, as well as the two notes above mentioned, executed by said corporation to said Wheatley, according to the tenor and effect of said notes, and shall hold the said Wheatley harmless by reason thereof; then, and in that event, this bond shall be null and void, otherwise in full force and virtue in law. But if the said Wheatley shall be compelled to pay the said notes executed by him and assumed by said corporation,

NOVEMBER TERM, 1878. 563

The South Side Planing Mill Ass'n *et al. v.* The Cutler & Savidge Lumber Co.

or any part thereof, or if said notes executed by said corporation to said Wheatley are not paid, then, in either of such events, the said Wheatley may have his action on this bond, against said corporation and the individuals joining as sureties herein, for the sums so paid by him; and also, for any failure on the part of said corporation to pay said two notes, said Wheatley, besides the costs and expenditures incident to said action, may recover five per cent. on the amount found due him in said action, as liquidated damages; and any judgment so recovered shall be without any relief from valuation or appraisement laws, and shall draw interest at the rate of ten per cent. per annum.

" It is agreed and understood between the sureties herein, that, in the event that they, or either of them, shall be compelled to pay any money by reason of this bond, then the contributions by the other sureties shall be in the ratio of the stock heretofore subscribed for in said corporation by any such persons, to the whole amount heretofore subscribed, and shall be without any relief whatever from valuation or appraisement laws.   In witness whereof," etc.

The appellants joined in a demurrer to the complaint, alleging as ground, that two causes of action were improperly joined.

" The South Side Planing Mill Association " demurred to the complaint, alleging as causes:

1.   That the complaint does not state facts sufficient to constitute a cause of action; and,

2.   That two causes of action are improperly joined.

The sureties in the bond demurred to the complaint, assigning as cause, that it does not state facts sufficient to constitute a cause of action.   All of these demurrers were overruled by the court, and exceptions reserved.   The appellants stood by their joint and several demurrers, and the court rendered judgment against them, collectible without relief

from valuation or appraisement laws, and bearing interest at the rate of ten per cent. per annum.

Afterwards the obligors of the bond moved the court to modify the judgment as to them, so as to bear interest only at the rate of six per cent. and be collectible with relief. This motion was overruled, and they excepted to the ruling. Appeal to the general term, wherein the judgment at special term was affirmed. Appeal to this court.

The counsel for the appellants discuss five questions in their several briefs :

1. Could the obligee of the bond maintain an action against the sureties before he was damnified ?

The obligee of the bond could maintain an action against the sureties, whenever he could maintain an action against the principal in the bond. The sureties have undertaken to do whatever the principal was bound to do ; and whenever the principal failed to pay the note it had assumed and agreed to pay, at maturity, a right of action accrued in favor of the obligee.

But it is insisted, that no cause of action can arise against the sureties in the bond until the obligee has paid the note which the principal in the bond undertook to pay for the obligee. As amongst the obligors of the bond, and between the principal and sureties, the latter could have no action against the former, until they had been damnified by being required to perform what their principal ought to have done ; but this rule does not apply between the obligee and the obligors of the bond. The obligee is damnified and has his right of action as soon as the breach of the bond occurs. The principal in the bond has already received the amount of the note, as so much of the consideration paid on the property it bought of the obligee ; therefore the obligee of the note has already paid the amount of the note to the principal, Wheatley. Nothing could be more unnecessary than to require the maker to

pay the note to the payee, which the principal obligor in the bond is bound to do, and thus to pay the note twice, before it could maintain this action on the bond, to recover the amount back. *Josselyn* v. *Edwards*, 57 Ind. 212.

2. It is insisted that it appears upon the face of the bond that it is without consideration. The bond does not present itself in that light to us. The sale of the property by the obligee to the principal in the bond is a consideration that fully supports the undertaking of the principal to pay the note in suit as part consideration of the purchase, and is also a sufficient consideration to support the bond against the sureties.

But it is said that the sale of the property by the obligee to the principal in the bond had taken place before the bond was executed, and that the bond was executed without any new or additional consideration. There is nothing on the face of the bond to inform us whether this is the fact or not. The averments imply that the facts were contemporaneous, and the demurrer admits them to be true.

3. That the bond was not properly executed by the corporation, the principal obligor. Upon demurrer to the complaint, which admits the execution of the bond as averred. there is no force in this objection. The bond purports to be executed by the secretary of the association, and is averred in the complaint, and admitted by the demurrer, to have been executed by the corporation.

4. The appellants think the court erred in rendering judgment bearing interest at the rate of ten per cent. per annum, and collectible without the benefit of valuation or appraisement laws, and in refusing to modify the judgment according to the appellants' motion. We think otherwise. The breach of the bond was in not paying the note sued on to the appellee, according to its tenor and effect. The judgment, therefore, was properly rendered according to the terms of the note. This is sufficient to sustain the judgment as rendered. But the bond does stipulate that

any judgment the obligee may recover upon it "shall be without any relief from valuation or appraisement laws, and draw interest at the rate of ten per cent. per annum," and as the bond was made for the benefit of the appellee, it takes the same rights under it as those stipulated in favor of the obligee.

5. But it is said, " There are no equities in the case in favor of the appellee. She sold nothing to any of the appellants, and parted with no property on the faith of any promise made by any of them." We can not concur with this view of the case. It is true, the appellee could not sue the appellants at law, but, as the bond was made for the appellee's benefit, she has the same right under it as the obligee would have against the obligors. That a contract made by one person with another, for the benefit of a third, may be enforced in equity by the latter, is a principle that was settled soon after the present code went into effect, and has been consistently adhered to through a long line of decisions to the present time. *Bird* v. *Lanius*, 7 Ind. 615; *Kirk* v. *The Fort Wayne Gas Light Co.*, 13 Ind. 56; *Woodberry* v. *Duvall*, 15 Ind. 160; *Day* v. *Patterson*, 18 Ind. 114; *Merritt* v. *Wells*, 18 Ind. 171; *Lamb* v. *Donovan*, 19 Ind. 40; *Beals* v. *Beals*, 20 Ind. 163; *Johnson* v. *Britton*, 23 Ind. 105; *Devol* v. *McIntosh*, 23 Ind. 529; *Gwaltney* v. *Wheeler*, 26 Ind. 415; *Cross* v. *Truesdale*, 28 Ind. 44; *Hardy* v. *Blazer*, 29 Ind. 226; *Davis* v. *Calloway*, 30 Ind. 112; *Mathews* v. *Ritenour*, 31 Ind. 31; *Pierce* v. *Goldsberry*, 35 Ind. 317; *Scobey* v. *Finton*, 39 Ind. 275; *Miller* v. *Billingsly*, 41 Ind. 489; *McDill* v. *Gunn*, 43 Ind. 315; *Haggerty* v. *Johnston*, 48 Ind. 41; *Whitesell* v. *Heiney*, 58 Ind. 108.

The most of the authorities cited on behalf of the appellants are cases at law, upon indemnity bonds to save harmless generally from some thing which may or may not happen, not for the payment of a specific debt, or the performance of some particular thing, as in the present case. The

way we read the case of *Redfield* v. *Haight*, 27 Conn. 31, cited by appellants, it seems to be directly against them, and fully in support of the views expressed in this opinion. The case of *Garnsey* v. *Rogers*, 47 N. Y. 233, also cited by the appellants, fully supports the principle settled in this State, but it was not applicable to that case, because the third person for whose benefit the contract was made was not the obligor in the debt secured, and was not bound to pay it; as if, in this case, the obligee of the bond should sue the obligor, for not paying a debt to the appellee, which the obligee was not bound to pay. Of course, in such a case, there could be no recovery. To require the obligee of the bond to pay the note sued upon to the appellee, (which the obligor, by the bond, had agreed to pay,) before he could recover against the obligors, as contended for by the appellants, would impose a circuity of actions, expensive and useless, which would very much embarrass and retard the administration of justice; while, in one suit, with all the parties before the court, all their rights can be completely protected and properly adjusted.

We think the case was well decided.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled at the May Term, 1879.